**DAVIS FORESTRY CORP., Plaintiff-Appellant,**

v.

**Mike SMITH d/b/a Forestall, et al., Defendants-Appellees.**

No. 82–7264.

United States Court of Appeals, Eleventh Circuit.

June 24, 1983.

Rehearing and Rehearing En Banc Denied Aug. 18, 1983.

---

Tim Boe, James H. Birch, Little Rock, Ark., Perry Hubbard, Tuscaloosa, Ala., for plaintiff-appellant.

Everardo Abrego, Texas Rural Legal Aid, Inc., Laurence E. Norton, II, Weslaco, Tex., for defendants-appellees.

Before FAY, HENDERSON and HATCHETT, Circuit Judges.

FAY, Circuit Judge:

This case raises the novel question of whether a competitor of a farm labor contractor has standing to sue under the Farm Labor Contractor Registration Act, 7 U.S.C. § 2041 et seq. We agree with the district court that competitors of farm labor contractors do not have standing to sue under the Farm Labor Contractor Registration Act and therefore affirm the district court's dismissal of Davis Forestry Corporation's complaint.

## BACKGROUND

Appellant, Davis Forestry Corporation, and Appellees, Rafael C. Aguirre, Rafael E. Aguirre and Blas Hernandez were engaged in litigation in the United States District Court for the Southern District of Texas. The Aguirres and Hernandez alleged, among other things, that Davis Forestry Corp. had violated the Farm Labor Contractors Registration Act (FLCRA), 7 U.S.C. § 2041 et seq. Davis Forestry Corporation contended that it was not a farm labor contractor as defined by FLCRA. The parties were engaging in discovery and Davis Forestry Corp. took the depositions of the Aguirres and Hernandez in Alabama where they were working for Mike Smith d/b/a Forestall. Because of facts learned during that testimony, Davis Forestry decided that the Aguirres, Hernandez and Mike Smith were engaging in violations of FLCRA and that Davis Forestry had been injured because of those violations.

Davis Forestry filed suit alleging it was a "person aggrieved" under FLCRA and that the Aguirres, Hernandez and Mike Smith were farm labor contractors under the definition of FLCRA and had engaged in violations of the Act. Process was never served on Mike Smith and he is not before this court. In response to the complaint, appellees, the Aguirres and Hernandez, filed motions to transfer to the Southern District of Texas where the other litigation was proceeding, to dismiss for lack of venue and to dismiss for lack of standing under FLCRA. Appellant Davis Forestry filed responses to all three motions. On July 15, 1982, the district court dismissed the action without prejudice stating in its memorandum of decision that Davis Forestry had no standing to seek relief under FLCRA and that even if such a standing problem could be overcome, Davis Forestry should pursue its claims in the action pending in Texas. Davis Forestry then filed a motion to reconsider and an amended complaint. The district court treated the motion for reconsideration as a motion for new trial and denied same, also declaring that any issues associated with the amended complaint were moot as the amended complaint was filed "without leave of court and after a final order of dismissal had been entered." Davis Forestry filed a notice of appeal. We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291.[1]

1. Title 28 U.S.C. § 1291 provides that the courts of appeals shall have jurisdiction of ap-

peals from all "final decisions" of the district courts. A dismissal without prejudice can be

## STANDING UNDER FLCRA

The Farm Labor Contractor Registration Act (FLCRA), 7 U.S.C. § 2041 *et seq.,*[2] was enacted by Congress in 1963 to regulate the conduct of "certain irresponsible" farm labor contractors. The official declaration of policy provided:

(a) The Congress hereby finds that the channels and instrumentalities of interstate commerce are being used by certain irresponsible contractors for the services of the migrant agricultural laborers who exploit producers of agricultural products, migrant agricultural laborers, and the public generally, and that, as a result of the use of the channels and instrumentalities of interstate commerce by such irresponsible contractors, the flow of interstate commerce has been impeded, obstructed, and restrained.

(b) It is therefore the policy of this chapter to remove the impediments, obstructions, and restraints occasioned to the flow of interstate commerce by the activities of such irresponsible contractors by requiring that all persons engaged in the activity of contracting for the services of workers for interstate agricultural employment comply with the provisions of this chapter and all regulations prescribed hereunder by the Secretary of Labor.

7 U.S.C. § 2041. *See also,* 1964 U.S.Code Cong. and Adm.News, p. 3690. The FLCRA Amendments of 1974 were enacted to "provide for the extension of coverage and to further effectuate the enforcement" of FLCRA. 1974 U.S.Code Cong. and Adm. News, p. 6441. This included the addition of a provision for civil relief, providing:

Any person claiming to be aggrieved by the violation of any provision of this Act or any regulation prescribed hereunder may file suit in any district court of the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizenship of the parties and without regard to exhaustion of any alternative administrative remedies provided herein.

7 U.S.C. § 2050a(a).

Davis Forestry, a competitor of the appellees who are alleged to be farm labor contractors, contends it is a "person aggrieved" under § 2050a(a). Davis Forestry argues that because Congress chose "any person" rather than 'any worker' and because the FLCRA's definition of person includes corporations, 7 U.S.C. § 2042(a), Davis Forestry has standing to institute an action to enforce provisions of FLCRA.

■■■ As stated by the Supreme Court, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise.

*Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). Thus, in order to have standing, Davis Forestry must overcome two hurdles. First, it must satisfy the constitutional requirements for standing imposed by Article III of the United States Constitution. Second, it must satisfy the prudential limitations on standing. Considering the standing in *Warth* where the plaintiffs brought suit under § 42 U.S.C. §§ 1981, 1982 and 1983 to challenge a zoning ordinance, the Court noted that

the source of the plaintiff's claim to relief assumes critical importance with respect to the prudential rules of standing that, apart from Art. III's minimum requirement, serve to limit the role of the courts in resolving public disputes. Essentially, the standing question in such cases is

appealed as a final order. *Allied Air Freight, Inc. v. PanAmerican World Airways, Inc.,* 393 F.2d 441, 444 (2d Cir.), *cert. denied,* 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968); *Rinieri v. News Syndicate Co.,* 385 F.2d 818, 821 (2d Cir.1967); 9 Moore's Federal Practice 9110.08[1] (1982). In its August 5, 1982 order, the district court itself referred to its prior order as a "final order of dismissal."

2. Recodified in 1983 as the Migrant and Seasonal Worker Protection Act, 29 U.S.C. § 1801 *et seq.*

whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief.

422 U.S. at 500, 95 S.Ct. at 2206. Likewise, considering the issue of Davis Forestry's standing, the critical inquiry is whether the statutory provision on which the claim rests, FLCRA, can properly be understood as granting persons in the position of Davis Forestry a right to judicial relief. This is also known as the zone of interests test, *i.e.,* "whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Data Processing Service v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970).

■ Davis Forestry alleges, in essence, that it is a competitor of the appellees who it designates as "farm labor contractor[s] within the meaning of 7 U.S.C. § 2042(b)", although it carefully avoids labeling itself as a farm labor contractor since its defense in the Texas litigation is that it is not such a contractor. The complaint does allege that "Davis Forestry Corp. provides the following services for a fee: forestry consultation, tree planting, tree injecting, forestry spraying and chemical sales."[3] It also alleges that the appellees "intentionally and with malice individually and collectively discouraged and/or enticed prospective employees from employment with Plaintiff." It is clear that Davis Forestry is in the same general business as appellees, and our subsequent references to Davis Forestry as a "farm labor contractor" are intended in the generic sense and not with reference to the ultimate determination of Davis Forestry's status under FLCRA.

Our inquiry is whether farm labor contractors or competitors of such, are within the zone of interests sought to be protected by FLCRA, specifically 7 U.S.C. § 2050a(a). We first note that unlike *Data Processing*

*Service v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970) or *Control Data Corp. v. Baldrige,* 655 F.2d 283 (D.C.Cir.1981), upon which Davis Forestry relies, this is *not* a case where the farm labor contractor is challenging a government regulation promulgated under the statute. Instead, Davis Forestry is attempting to utilize the private cause of action provision of FLCRA to remedy what it perceives as unfair competition. Davis Forestry argues that *Trafficante v. Metropolitan Life Insurance Co.,* 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972) and *EEOC v. Bailey Co.,* 563 F.2d 439 (6th Cir. 1977), support its position. We do not agree. In *Trafficante,* the Supreme Court held that the private cause of action provision in the Civil Rights Act of 1968, 42 U.S.C. § 3610(a), granted standing to "all in the same housing unit who are injured by racial discrimination in the management of those facilities." 409 U.S. at 212, 93 S.Ct. at 368. The Court thus allowed standing to white tenants of the housing project to sue for their deprivation of the benefits to be gained by living in an interracial community caused by the landlord's discrimination against nonwhites. Similarly, the Sixth Circuit in *EEOC v. Bailey,* relying on *Trafficante,* held that a white person who claims to have suffered from the loss of benefits from the lack of association with racial minorities at work is a person aggrieved for Title VII, 42 U.S.C. § 2000e et seq., purposes. 563 F.2d at 452.

Appellant Davis Forestry, however, does not direct us to *any* case where *any* court has granted standing to a competitor of the alleged infringer under a statute's private cause of action provision. We doubt that the *Trafficante* court would grant standing to a housing project in the same neighborhood based upon a claim that it was taking away some of its customers because of a policy of discrimination. We do not believe the *Bailey* court would grant standing to a competing employer based upon allegations suggesting a policy of racial discrimination

---

**3.** There is little doubt that the 1974 Amendments to FLCRA were intended to apply to forestry contractors who employ "tree plant-

ers, thinners and other forest laborers." 1974 U.S.Code Cong. and Adm.News at 6444.

has resulted in unfair lower prices. These cases are not analogous to and provide no support for the position of Davis Forestry.

### CONCLUSION

Business competitors may have a variety of claims against one another but we find no suggestion that Congress intended to include such between farm labor contractors when it enacted 7 U.S.C. § 2050a(a). The FLCRA was designed to alleviate a parade of horribles being inflicted upon farm laborers (primarily migrant farm workers). While "any person" may be read to include many possibilities, we do not find any basis for extending it to Davis Forestry for the type of claim alleged here.

We have also considered Appellant Davis Forestry's contentions regarding the district court's finding on venue and failure to allow amendment of the complaint after it had been dismissed and find such contentions meritless.

Accordingly, the district court's dismissal of the complaint is AFFIRMED.