Dean SCHOOLEY, Vera Schooley, his wife, Appellants,

v.

Francis H. KENNEDY, Jr., Chopin & Kennedy, P.P.C., City of Wellston-Townhouses Ltd., Human Development Corporation a/k/a Missouri Housing Development Commission, Appellees.

No. 83–1188.

United States Court of Appeals, Eighth Circuit.

Submitted July 18, 1983.

Decided July 22, 1983.

R.E. Keaney, D. Raymond Raney, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, Mo., for appellees Kennedy and Chopin & Kennedy, P.C.

Louis Gilden, St. Louis, Mo., for appellee Human Development Corp.

Harold L. Whitfield, Freeman, Whitfield, Montgomery, Staples & White, St. Louis, Mo., for appellees City of Wellston.

Before HEANEY, BRIGHT and FAGG, Circuit Judges.

PER CURIAM.

Dean and Vera Schooley appeal pro se from the district court's order dismissing their case without prejudice for failure to

comply with a pretrial order. The Schooleys contend that the district court abused its discretion because at the time of the dismissal: (1) they had substantially complied with the pretrial order; (2) they were making a good faith effort to obtain counsel; and (3) a motion was pending before the court. We affirm.

In April 1981, the Schooleys filed a pro se complaint against various defendants alleging a conspiracy to deprive them of their real property without due process of law. The first of many trial dates set was September 13, 1982.

In June 1982, the district court filed a pretrial order which included the requirements that ten days prior to trial the parties submit a proposed list of witnesses, jury instructions supported by at least one pertinent citation, and a trial brief. The order also included a warning that failure to comply with the order could result in the imposition of sanctions as set forth in Rule 13, Rules of the United States District Court for the Eastern District of Missouri. Rule 13 states that "[f]ailure on the part of either party to comply with said order may result in the application of sanctions by the Court, including, but not limited to, dismissal of the action . . . ."

In August 1982, the Schooleys filed a motion for a continuance which was granted and trial was set for December 13, 1982. In October 1982, the Schooleys filed a proposed list of witnesses and exhibits. During the same month the magistrate conducted a pretrial conference, advised the Schooleys to retain counsel, and ordered the Schooleys to advise the court regarding their decision to retain counsel. The Schooleys replied that they wished to obtain counsel but were so far unsuccessful. A few days before trial the Schooleys moved for a second continuance because they were unable to obtain counsel and did not feel competent to present their case. Although their motion was denied, the Schooleys did not appear on the scheduled trial date; however, without any penalty to the Schooleys, the case was reset for January 10, 1983.

On January 10, the court was unable to hear the case because a case on the criminal docket took precedence. After rescheduling the case for January 24, the court warned the Schooleys that it would dismiss their case if they failed to comply with the pretrial requirements by the trial date and advised them to hire a lawyer. Thereafter, two defendants filed motions to dismiss the Schooleys' action for failure to comply with the pretrial order. The Schooleys did file amendments to their purported pretrial compliance consisting of a single jury instruction without the required citations to authority but no trial brief was filed.

When the case was called for trial on January 24, 1983, the Schooleys again told the court they had yet to find suitable counsel and requested another continuance. All the defendants then joined in a motion to dismiss the action for failure to comply with the pretrial order. The order of dismissal which is the subject of this appeal was then entered.

The Schooleys contend that the documents they filed with the court adequately comply with the pretrial requirements, and that the court erred in holding them to the same standard of skill as lawyers in complying with the pretrial order. Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law. *See Faretta v. California,* 422 U.S. 806, 834–35 n. 46, 95 S.Ct. 2525, 2541, n. 46, 45 L.Ed.2d 562 (1975); *Barker v. Norman,* 651 F.2d 1107, 1123 (5th Cir.1981).

A pro se litigant should receive meaningful notice of what is required of him but the court is not required or permitted to act as counsel for any party. *See Lawson v. Kolender,* 658 F.2d 1362, 1371–72 (9th Cir.1981), *aff'd on other grounds,* —— U.S. ——, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *Barker v. Norman, supra,* 651 F.2d at 1128–29 & n. 26. The court did not specify in what manner the Schooleys' compliance was deficient but the pretrial order clearly required that the jury instructions be supported by pertinent citations and that

a trial brief be submitted. Despite numerous opportunities and fair warning, the Schooleys failed to comply with these minimal pretrial requirements.

■ An involuntary dismissal pursuant to local rules of practice for failure to comply with the district court's order is within the discretion of the trial court. *See Grunewald v. Missouri Pacific Railroad Co.,* 331 F.2d 983, 985 (8th Cir.1964) (dismissal pursuant to Fed.R.Civ.P. 41(b)). Each district court is empowered to prescribe rules governing the conduct of its business which are critical to its ability effectively to serve all litigants. 28 U.S.C. § 2071; Fed.R.Civ.P. 83; *Biby v. Kansas Life Insurance Co.,* 629 F.2d 1289, 1293 (8th Cir.1980). Here there was no abuse of discretion. The district court was patient with the Schooleys and gave them ample time to complete routine and easily understandable pretrial requirements.

The fact that the district court used the lesser sanction of dismissal without prejudice also mitigates against a finding that the court abused its discretion. *See Navarro v. Chief of Police, Des Moines, Iowa,* 523 F.2d 214, 217 (8th Cir.1975). The action was dismissed only after the district court determined that the statute of limitations had not run. Then, to assure that the Schooleys could reinstate the action, the court specified that the dismissal would be without prejudice.

■ The Schooleys' unpreparedness is also not excused by their inability to retain counsel. Although they were not proceeding in forma pauperis, the Schooleys argue that they were unable to secure counsel because of their inability to pay a large retainer and the defendants' prestigiousness. However, the district court could have properly concluded that it was due to their lack of diligence. The Schooleys first realized the difficulties in preparing their own case as early as August 24, 1982, when they first requested a continuance. On November 4, 1982, the Schooleys informed the court of their intent to retain counsel but failed to do so by January 24, 1983. Litigants do not have an absolute right to continuances to prepare for trial or to obtain counsel. *See Grunewald v. Missouri Pacific Railroad Co., supra,* 331 F.2d at 986. Accordingly, the district court did not abuse its discretion in denying their January 24 request for a continuance to obtain counsel.

■ The Schooleys also argue that the action should not have been dismissed because the court had not ruled on their January 18, 1983 motion to order the Lawyers Title Company attorney to submit a document to the court for analysis by a handwriting expert. The absence of a ruling on this motion did not affect the Schooleys' ability to comply with the pretrial requirements or mislead them as to their duty to comply. Accordingly, we conclude that the district court did not abuse its discretion in dismissing the Schooleys' action for failure to comply with the pretrial order. Since the dismissal was without prejudice, the Schooleys may file another complaint.

Affirmed.