822 F.2d 808
 Elmo C. TATUM, Appellant,
v.
STATE OF IOWA; Governor of State of Iowa; Linn County;
Supervisors of Linn County; City of Cedar Rapids;
City Council of Cedar Rapids; Joe
Goedken and Mrs. Joe Goedken, Appellees.
 No. 87-1293.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 1, 1987.
Decided July 6, 1987.
 
 Elmo C. Tatum, pro se.
 Thomas J. Miller, Atty. Gen., Des Moines, Iowa, for appellees.
 Before ROSS,* ARNOLD, and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elmo C. Tatum appeals pro se and in forma pauperis from the district court's[1] dismissal without prejudice of his civil rights action. We affirm.
 
 I. BACKGROUND
 
 2
 Tatum filed this civil rights action under 42 U.S.C. Secs. 1981-82 (1982). After the district court's order that the case would be dismissed unless the original complaint was amended, Tatum filed an amended complaint. He alleged that the defendants had violated his civil rights by not giving him the same care as given white senior citizens, even though legislation provided funds for the equal welfare of both black and white senior citizens. The only factual basis given for this allegation is the following quote:
 
 
 3
 Plaintiff states that providers respondents in the unit where he resides provide a face bowel [sic] in the toilets where white senior citizens live, but force him to use the kitchen use for both face and sink. Plaintiff states that is not sanitary presents a health hazard to his well being.
 
 
 4
 The district court found this amended complaint to be insufficient for two reasons: the basis for the claim was not clear, and Tatum did not relate with specificity how each of the defendants were involved in his claim. Consequently, the district court ordered the case dismissed unless Tatum, within two weeks, further amended his complaint to cure these defects.
 
 
 5
 Tatum did not file a further amended complaint; rather, he filed a notice of appeal. This court dismissed the appeal without prejudice for want of jurisdiction, reasoning that no final judgment in compliance with Fed.R.Civ.P. 58 had yet been entered. Tatum v. Iowa, No. 86-2461, slip op. at 2 (8th Cir. Dec. 8, 1986) (decision published without opinion at Tatum v. Iowa, 808 F.2d 841 (8th Cir.1986)).
 
 
 6
 Thereafter, on February 18, 1987, the district court ordered that Tatum have an additional ten days to amend the complaint or suffer a dismissal of the case. After the ten days lapsed during which Tatum had not attempted to cure the pleading defects, the district court entered a judgment on March 2, 1987, dismissing the action without prejudice.
 
 
 7
 Also on March 2, 1987, the district court filed Tatum's present notice of appeal. The district court docket sheet shows this notice was docketed after the judgment. Tatum had dated this notice February 20, 1987, and identified the district court's order of February 18, 1987, as the order he was appealing.
 
 II. DISCUSSION
 
 8
 We have appellate jurisdiction pursuant to 28 U.S.C. Sec. 1291 (1982). The dismissal of an action without prejudice is a final appealable order, Davis Forestry Corp. v. Smith, 707 F.2d 1325, 1326 & n. 1, reh'g denied, 714 F.2d 159 (11th Cir.1983), and Tatum's notice of appeal was docketed after the judgment of dismissal was entered. Because it appears that Tatum intended to stand on his once amended complaint, we understand the grounds for the appeal to be whether the district court erred by ruling that the complaint was insufficient.
 
 
 9
 The district court did not err in entering the dismissal without prejudice. While all pleadings are to be construed to do substantial justice, Fed.R.Civ.P. 8(f), the pleading must at a minimum be sufficient to give the defendant notice of the claim. Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). See Fed.R.Civ.P. 8(a), 12(e). Further, a district court may sua sponte dismiss a complaint for failure to state a claim. Martin-Trigona v. Stewart, 691 F.2d 856, 858 (8th Cir.1982) (per curiam). To state a claim sufficient to withstand a motion to dismiss, a plaintiff must state facts which, if proved, would support his claim and entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (per curiam) (quoting Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-02); Horsey v. Asher, 741 F.2d 209, 211 (8th Cir.1984); White v. Walsh, 649 F.2d 560, 561 (8th Cir.1981).
 
 
 10
 Presuming that Tatum is a black senior citizen, a liberal reading of Tatum's amended complaint reveals facts which, if proved, would support his claim that he was denied equal treatment on account of his race. This is not Tatum's difficulty. The deficiency stems from Tatum's omission to plead how the defendants are responsible to him for his equal protection claim. Without this, Tatum is not entitled to relief from these defendants. Rhodes v. Houston, 202 F.Supp. 624, 629, 638 (D.Neb.), aff'd, 309 F.2d 959 (8th Cir.1962) (per curiam), cert. denied, 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963).
 
 
 11
 Accordingly, the district court's dismissal without prejudice of the action is affirmed.
 
 
 
 *
 The Honorable Donald R. Ross was an active judge of the Eighth Circuit on the date this case was submitted, but took senior status on June 13, 1987, before the decision was filed
 
 
 [1]
 The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa