991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Melvin Leroy TYLER; Mary Lea Tyler, Appellants,
v.
ST. LOUIS COUNTY; Officer John O'Mara; James F. Conway;
David A. Robbins; Besby Moore, Jr.; Vincent
Schoemehl, Appellees.
 No. 92-2093.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 15, 1993.
Filed: April 6, 1993.
 
 Appeal from the United States District Court for the Eastern District of Missouri.
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Melvin and Mary Tyler, a Missouri inmate and his former wife, appeal the district court's[1] judgment for defendants following a three-day jury trial in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 The Tylers filed an amended complaint, naming as defendants St. Louis County; St. Louis Board of Police members James Conway, David Robbins, Nesby Moore, Jr., and Vincent Schoemehl, Jr.; St. Louis County police officer John O'Mara; and St. Louis City police officer Evelyn Boyce. The Tylers alleged that defendants physically mistreated and injured Mary in retaliation for Melvin's prolific and notorious jailhouse lawyering, and that St. Louis City and County police failed to investigate the incident and attempted to conceal information substantiating Melvin's charges.
 
 
 3
 When Mary failed to appear on the first day of trial, the district court dismissed her from the case without prejudice. Melvin, appearing pro se, proceeded on his retaliation claim. Mary appeared as a witness for Melvin. The jury found for the defendants, and the district court denied the Tylers' posttrial motions.
 
 
 4
 On appeal, the Tylers argue that the district court abused its discretion in denying their posttrial motion to reinstate Mary's claims. The dismissal of Mary's cause of action without prejudice was final and appealable. See Tatum v. Iowa, 822 F.2d 808, 809 (8th Cir. 1987) (per curiam). We conclude that the district court did not abuse its discretion because Mary failed to participate in pretrial proceedings, even with the help of appointed counsel, and did not appear for trial of her case. See Dubose v. Minnesota, 893 F.2d 169, 171 (8th Cir. 1990).
 
 
 5
 Melvin argues that the district court failed to properly instruct the jury on county and police commissioner liability and erroneously instructed the jury that Melvin had to show a "substantial" injury to Mary. However, in the district court, Melvin failed to object to the instructions given or to offer the additional instructions he now suggests. We have carefully reviewed the record and conclude that the district court did not commit plain error. See Elmore v. United States, 843 F.2d 1128, 1133 (8th Cir. 1988). With Melvin's agreement, the district court refused defendants' request to instruct on substantial injury and instead instructed that Melvin must show "serious mistreatment" of Mary. The court also allowed Melvin to argue the law as to the duties of the Police Board in his closing statement.
 
 
 6
 Melvin's additional challenges to the district court's posttrial rulings are without merit. Accordingly, the judgment of the district court is affirmed. We deny defendants' motions to dismiss for lack of jurisdiction.
 
 
 
 [1]
 The HONORABLE WILLIAM L. HUNGATE, Senior United States District Judge for the Eastern District of Missouri, now retired