Zane Brent **EDGINGTON,**
Plaintiff–Appellant,

v.

**MISSOURI DEPARTMENT OF CORRECTIONS; Mel Carnahan; Robert Schoenen; Donna Schriro; Cranston Mitchell; Julie Ives,** Defendants–Appellees.

No. 94–2465.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1995.

Decided April 21, 1995.

David Schenberg, St. Louis, MO, argued (Richard J. Pautler and Ian P. Cooper, on the brief), for appellant.

Erwin O. Switzer, III, St. Louis, MO, argued (Paul M. Rauschenbach, on the brief), for appellee.

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Zane Brent Edgington appeals from the district court's [1] dismissal without prejudice of his 42 U.S.C. § 1983 complaint for deliberate indifference to his serious medical needs. We affirm.

## I.

Edgington, an inmate of the Missouri Department of Corrections (MDOC), filed a pro se in forma pauperis complaint alleging that

---

1. The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

he had been refused treatment for his mental and AIDS-related illnesses, requesting appointment of counsel, and seeking damages and injunctive relief. The case was referred to a magistrate judge [2] who found that, because Edgington had not alleged specific facts in his complaint, it was difficult to determine the nature of his claims and whether any of his claims were frivolous. The magistrate judge recommended that the district court order Edgington to file an amended complaint within twenty days setting forth, beneath an underlined caption with each defendant's name, the specific rights allegedly violated by, and specific factual allegations supporting his claims against, each defendant. The district court adopted the magistrate judge's order and recommendation. The district court stated that Edgington's failure to timely comply with its order could result in the dismissal of his complaint without prejudice.

Edgington timely filed an amended complaint elaborating upon his original factual allegations and listing the MDOC staff members allegedly responsible for his injuries. The district court determined that the amended complaint did not conform to its order and ordered Edgington to file an amended complaint that did comply with its order within twenty days. Edgington did nothing within the allotted time, but moved instead for appointment of counsel some twenty-six days after his time for amending had expired. The district court dismissed Edgington's complaint without prejudice for failure to respond to its order and denied his motion for appointment of counsel.

Represented by counsel on appeal, Edgington argues that the district court abused

its discretion by dismissing his complaint and failing to appoint counsel.

## II.

We review the dismissal of a complaint for failure to comply with the district court's order for abuse of discretion. *Schooley v. Kennedy,* 712 F.2d 372, 374 (8th Cir. 1983).

We conclude the district court did not abuse its discretion in dismissing Edgington's complaint without prejudice. The allegations of a pro se complaint are entitled to a liberal construction. *Smith v. St. Bernards Regional Medical Ctr.,* 19 F.3d 1254, 1255 (8th Cir.1994). Complaints seeking damages against governmental officials, however, are subject to a heightened standard of pleading with sufficient specificity to put defendants on notice of the nature of the claim.[3] *Brown v. Frey,* 889 F.2d 159, 170 (8th Cir.1989) (heightened standard applies to enable governmental officials to prepare response and, where appropriate, summary judgment motion on qualified immunity grounds), *cert. denied,* 493 U.S. 1088, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990). *Compare with Miles v. Ertl Co.,* 722 F.2d 434, 435 (8th Cir.1983) (district court erred in dismissing for failure to comply with Federal Rules of Civil Procedure pro se complaint alleging employment discrimination by private employer where, liberally construed, pleadings arguably gave rise to cause of action and could be addressed by responsive pleading). Although a liberal reading of Edgington's complaint reveals facts which if proved would support his claim that he was denied medical treatment, the deficiency in his complaint stems from his failure to follow the district court's order

2. The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

3. In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* — U.S. —, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), the Supreme Court rejected a heightened pleading standard in section 1983 suits alleging *municipal* liability but stated it had "no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials." *Id.* at —, 113 S.Ct. at 1162. Recently, the Court granted certiorari to consider whether plaintiffs in *Bivens*

cases in which unlawful motive is an element of the alleged offense must satisfy a heightened pleading standard to survive a motion to dismiss or for summary judgment based on an assertion of qualified immunity. Petitioner's Br. at 1995 WL 89265, *Kimberlin v. Quinlan,* 6 F.3d 789 (D.C.Cir.1993), *cert. granted,* — U.S. —, 115 S.Ct. 929, 130 L.Ed.2d 876 (1995) (No. 93–2068). Because the Court has not yet addressed heightened pleading in individual capacity suits, our existing precedent requiring that standard in such suits remains the governing law of this circuit.

to specifically plead how each of the defendants violated his rights. *See Tatum v. Iowa,* 822 F.2d 808, 810 (8th Cir.1987). The district court's order was consistent with the heightened standard of pleading required of complaints seeking damages from government officials, and Edgington simply did not comply with the order. *See id.* (district court did not err in dismissing pro se litigant's § 1983 complaint without prejudice where litigant filed notice of appeal, rather than amended complaint, in response to court's second order to amend complaint for specificity); *Brown v. Frey,* 806 F.2d 801, 803 (8th Cir.1986) (court may sua sponte dismiss action for pro se inmate's failure to comply with any court order).

■ Moreover, the district court dismissed Edgington's complaint without prejudice, and he is free to remedy the deficiencies noted in bold-faced print in the district court's order and refile his complaint. *See Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir.1995) (per curiam) (prisoner may refile complaint where dismissal is without prejudice). As we have previously observed, the fact that a district court dismisses a pro se complaint without prejudice for failure to comply with pretrial orders mitigates against finding that the court abused its discretion. *Schooley,* 712 F.2d at 374. Further, Edgington's counsel indicated at oral argument that the statute of limitations had not run on his claims. *See id.* (district court did not err in dismissing pro se complaint without prejudice for failure to sufficiently comply with pretrial orders where it did so after determining statute of limitations had not run). Accordingly, we conclude that the district court did not abuse its discretion in dismissing Edgington's complaint without prejudice.

### III.

■ We likewise conclude the district court did not abuse its discretion in refusing Edgington's later filed request for counsel. *See Abdullah v. Norris,* 18 F.3d 571, 573 (8th Cir.) (district court's refusal to appoint counsel reviewed for abuse of discretion), *cert. denied,* —— U.S. ——, 115 S.Ct. 163, 130 L.Ed.2d 101 (1994). Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Rayes v. Johnson,* 969 F.2d 700, 702 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 658, 121 L.Ed.2d 584 (1992). Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous pursuant to 28 U.S.C. § 1915(d), counsel should be appointed if the district court determines it is necessary. *Nachtigall v. Class,* 48 F.3d 1076, 1081 (8th Cir.1995). The standard for determining the necessity of appointed counsel is whether both the indigent litigant and the court would benefit from the assistance of counsel. *Id.* "Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues." *Id.*

■ Here, the district court found that Edgington had failed to allege enough specific facts to determine whether his claims were frivolous. Even assuming Edgington's complaint presented nonfrivolous claims, the district court did not improperly refuse to appoint counsel. The factual and legal issues discernable from Edgington's pleadings do not appear complex, there is yet no conflicting testimony, and Edgington's well-written, if nonspecific, pleadings indicate his basic ability to state claims. Although Edgington's mental condition is a factor that may weigh in his favor, it does not of itself require that counsel be appointed. *See id.* (citing *Phelps v. United States Fed. Gov't,* 15 F.3d 735, 737 (8th Cir.) (that prisoner not guilty by reason of insanity and committed to federal mental facility merely a factor in determining whether appointed counsel would benefit litigant and court), *cert. denied,* —— U.S. ——, 114 S.Ct. 2118, 128 L.Ed.2d 676 (1994)). We also believe that Edgington's present confinement in a prison other than the prison where he claims his rights were violated is not sufficient to require that counsel be appointed. Thus, the district court did not abuse its discretion in denying appointment of counsel.

### IV.

We conclude that the district court did not abuse its discretion either by dismissing the

complaint without prejudice or by declining to appoint counsel. Accordingly, we affirm the judgment of the district court.