68 F.3d 478
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
David Lee CLAY, Sr., Appellant,
v.
Paul K. DELO; Brian O'Connell; Harry Gamble; Morgan
Warren; Unknown Allen; Unknown Wells, Appellees.
 No. 95-2049.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 19, 1995.
Filed: Oct. 3, 1995.
 
 Appeal from the United States District Court for the Eastern District of Missouri.
 E.D.Mo.
 REVERSED AND REMANDED.
 Before FAGG, LOKEN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In February 1994, Missouri inmate David Lee Clay filed a pro se complaint under 42 U.S.C. Sec. 1983 alleging that various officials of the Potosi Correctional Center had violated his constitutional rights. In December, the court set the matter for trial on April 3, 1995, and ordered the parties to file certain pretrial materials "not less than 10 days prior to the date set for trial," warning that failure to comply could result in sanctions including dismissal. In January, the court granted defendants' request to schedule the trial on or after April 10, 1995, the second week of the three-week trial docket.
 
 
 2
 Defendants filed their pretrial materials on March 24, 1995. On March 29, stating that Clay had "failed to file his pretrial materials ten days before trial," the district court dismissed Clay's action without prejudice for failure to comply with the court's December order. The district court received Clay's pretrial compliance materials on April 3; a certificate of service stated that they had been mailed to opposing counsel on March 24.
 
 
 3
 Clay appeals the dismissal without prejudice, arguing that the district court should not have dismissed his case because he "earnestly believed he had complied with the Court Order and had met the [ten day] deadline, as the trial date was changed to April 10, 1995." We review a Rule 41(b) dismissal for abuse of discretion. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 779 (8th Cir.1995). Dismissal of a case that is ready for trial, even without prejudice, is an extreme sanction. We agree with Clay that the district court's timing orders were confusing, particularly for a pro se litigant. The court did not inquire whether Clay made a good faith effort to comply nor whether the state was prejudiced by any tardiness. It appears from the record that Clay diligently pursued his suit up until this point. In these circumstances, while we support the district court's efforts to expedite its docket and to enforce compliance with its pretrial orders, we believe dismissal was unwarranted. Accordingly, we reverse and remand for further proceedings.