———————
No. 95-1739
———————

Desimund Star,                          *
                                        *
        Appellant,                      *
                                        *    Appeal from the United States
    v.                                  *    District Court for the
                                        *    Western District of Missouri.
Wally George, Sheriff; Brad             *        [UNPUBLISHED]
O'Neal; Brad McLaughlin;                *
Bill Smith; Eva Workoff;                *
Marshall Ambulance Department,          *
                                        *
        Appellees.                      *

———————

        Submitted:  January 12, 1996

          Filed:  May 9, 1996
———————

Before WOLLMAN, ROSS, and MURPHY, Circuit Judges.
———————

PER CURIAM.


    This is an appeal from an order dismissing Desimund Star's pro se
complaint filed under 42 U.S.C. § 1983.  We affirm.


    Star's initial complaint was filed on September 7, 1994.  It
consisted of a lengthy handwritten document that alleged in great detail
Star's complaints about the shortcomings he perceived in the Western
Missouri Correctional Center, Cameron, Missouri, in which he was
incarcerated.  Star's allegation included, among other things, complaints
about unsanitary conditions, lack of medical care, and religious
discrimination (Star is a Muslim).

The district court[1] granted Star in forma pauperis status, but ruled that Star's complaint, which the court characterized as "rambling, disjointed, and sometimes illegible," should be filed on an approved 42 U.S.C. § 1983 form and ordered Star to make a "short and plain statement" of his claim, as required by Federal Rule of Civil Procedure 8(a)(2).

On October 12, 1994, Star filed three separate amended complaints on approved section 1983 forms (why he filed three complaints, we do not know). In an apparent attempt to clear up this confusion, the defendants, staff members at the correctional center, filed a motion on November 11, 1994, asking for a more definite statement and seeking clarification as to which of the three amended complaints they were to respond. On November 18, 1994, the district court granted the motion and ordered Star to "file a single amended complaint" (emphasis in original) on forms provided by the court.

On December 19, 1994, Star filed a second amended complaint, utilizing a court-supplied form. Star's statement of claim was short:

> No law library, deprivation thereof of access by Bill Smith, Brad "O" Neal, and deprivation of medical attention by Brad McLaughlin, failed too [sic] take me too [sic] see the doctor, no medical staff in Jail, deprivation of religious belief by Eva Workoff, Bill Smith, not substituting pork, and by Sheriff Wally George also Sheriff Wally George wouldn't allow me too [sic] access to religious services, unsanitation [sic].

On December 22, 1994, the district court dismissed the case without prejudice, ruling that Star's bare assertions were broad and conclusory statements unsupported by factual allegations and

[1]The Honorable Joseph E. Stevens, United States District Judge for the Western District of Missouri.

were insufficient to support a cause of action under section 1983.

Following the district court's denial of Star's request that he be allowed to appeal in forma pauperis, we appointed counsel to represent Star.

On appeal, Star contends that the district court's rulings were contradictory, in that the court first ordered him to strip his complaint of factual detail and then dismissed the complaint  because it contained too little by way of factual detail.

Having reviewed Star's initial complaint, we can understand why the district court characterized it as it did, for indeed it is "rambling, disjointed, and sometimes illegible."  Nevertheless, it does contain the seeds of what might very well be a meritorious (at least arguably so) section 1983 complaint.  We do not know whether Star's second amended complaint represented a good faith effort to comply with the district court's November 18, 1994, order or an insolent challenge to the district court's authority.  Whichever the case, we hold that because its dismissal of the action was without prejudice to the filing of a new complaint, the district court did not abuse its discretion in dismissing the second amended complaint.  See Edgington v. Missouri Dep't of Corrections, 52 F.3d 777 (8th Cir. 1995).  Had the dismissal been with prejudice, we might very well have held that the second amended complaint, sketchy as it was, was specific enough to state a cause of action under the liberal construction of pro se complaints mandated by Haines v. Kerner, 404 U.S. 519 (1972).

We are confident that if he pursues his claim in good faith, Star will be able to cull from the broad allegations of his initial complaint the specific allegations necessary to state a cause of action under section 1983.

The district court's order of dismissal without prejudice is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.