_____

No. 95-3468EA
_____

Joe L. Bumgarner,                    *
                                     *
            Appellant,               *    Appeal from the United States
                                     *    District Court for the Eastern
    v.                               *    District of Arkansas.
                                     *
B. B. Malin; David Guntharp,         *           [UNPUBLISHED]
                                     *
            Appellees.               *
_____

Submitted:  September 3, 1996

Filed:  September 26, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____


PER CURIAM.


    Joe L. Bumgarner, an inmate at an Arkansas correctional facility, appeals the dismissal of his 42 U.S.C. § 1983 action.  Bumgarner alleged that correctional officials failed to provide safe and orderly housing, an adequate exercise program, and an adequate law library.  The district court appointed an expert witness to investigate and report on conditions at the facility.  After two pretrial hearings, the district court concluded there was no evidence of constitutional violations and dismissed Bumgarner's action.  We affirm.

    The district court did not abuse its discretion in choosing not to appoint counsel for Bumgarner.  See Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (standard of review). Bumgarner's case was not legally or factually complex, and Bumgarner presented his arguments intelligibly when he testified at the first pretrial hearing.  See id. (listing factors

bearing on appointment of counsel for indigent civil litigants). Similarly, the district court did not abuse its discretion by refusing to call Bumgarner's witnesses at the second pretrial hearing. See Salaam v. Lockhart, 856 F.2d 1120, 1124 (8th Cir. 1988) (district court may exclude cumulative testimony). Bumgarner's assertion that the judge had ex parte communications with opposing counsel is unsubstantiated.

Turning to Bumgarner's substantive claims, we review the district court's findings of fact for clear error, Choate v. Lockhart, 7 F.3d 1370, 1373 n.1 (8th Cir. 1993), and its legal conclusions de novo, Whitmore v. Gaines, 24 F.3d 1032, 1033 (8th Cir. 1994). Bumgarner failed to show any injury from shortcomings in the correctional facility's law library and thus suffered no inroad on his right of access to the courts. See Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). Bumgarner also failed to show that the correctional officials were deliberately indifferent to his exercise needs. See Wishon v. Gammon, 978 F.2d 446, 448-49 (8th Cir. 1992). The district court disbelieved Bumgarner's complaints about barracks conditions, finding the facility to be one of the safest and most livable correctional units in Arkansas. The court reasonably based its finding on the testimony of its appointed expert witness, which the court chose to credit over Bumgarner's conflicting testimony. We do not second-guess the district court's credibility assessments on appeal. United States v. Wilson, 49 F.3d 406, 409 (8th Cir.), cert. denied, 116 S. Ct. 384 (1995).

We reject Bumgarner's remaining challenges to the district court's ruling because they are either without merit or raised for the first time on appeal. United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir. 1995).

We thus affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.