# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-3810

_____

Philip R. Anderson;              *
Ki Ok Bae Anderson,          *
                             *
       Appellants,         *
                             *  Appeal from the United States
   v.                   *  District Court for the
                             *  District of Minnesota.
Chase Manhattan Mortgage    *     [UNPUBLISHED]
Corporation,               *
                             *
       Appellee.          *

_____

Submitted:  February 20, 1997

Filed:  March 6, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.

Philip R. and Ki Ok Bae Anderson appeal from the district court's[1] dismissal of their action against Chase Manhattan Mortgage Corporation (Chase) for failure to prosecute.  We affirm.

We conclude that the district court did not abuse its discretion in dismissing the Andersons' appeal.  See Fed. R. Civ. P. 41(b); Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (per curiam) (standard of review).  Although the Andersons were notified that they were required to file their brief within

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

fifteen days after their appeal was docketed, <u>see</u> Fed. Bankr. R. 8009(a)(1), they had filed nothing when the district court

dismissed the appeal after three months, and they have offered no explanation for their failure to do so.  See Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (district court did not abuse its discretion in dismissing bankruptcy appeal with prejudice where pro se party failed to file brief, noting party's unexplained failure to timely file brief); see also Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983) (per curiam) (pro se litigants are not excused from compliance with procedural and local rules, including rules requiring brief to be filed).

Chase has moved to strike the Andersons' brief and for an award of double costs on the basis of derogatory remarks in the brief directed at the bankruptcy court judge, the district court judge, and counsel for Chase.  These remarks include anti-Semitic references and unsupported accusations of collusion, bribery, and impropriety.  We find the Andersons' accusations to be improvident, insolent and scandalous, and we therefore award Chase double costs and order that the derogatory remarks be stricken.  See 28 U.S.C. § 1912; Fed. R. App. P. 38; and Mullen v. Galati, 843 F.2d 293, 294-95 (8th Cir. 1988) (per curiam).  Chase is directed to file with the clerk a verified bill of costs in accordance with Fed. R. App. P. 39(d).

We deny all remaining motions.

The judgment is affirmed.

Accordingly, we affirm.

A true copy.

Attest:

-3-

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.