# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3243

_____

| | | |
|---|---|---|
| Hugh Chalmers Motors, Inc.; | * | |
| | * | |
| Appellant; | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Toyota Motor Sales U.S.A., Inc.; | * | |
| Gulf States Toyota, Inc.; | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 15, 1999

Filed: July 15, 1999

_____

Before BOWMAN, HEANEY, and FAGG, Circuit Judges.

_____

HEANEY, Circuit Judge.

Hugh Chalmers Motors, Inc., a former West Memphis auto dealer, brought action against Toyota Motor Sales, USA, Inc. (TMS) and its independently-owned regional distributor, Gulf States Toyota, Inc. (GST), alleging violation of various federal antitrust statutes based on an illegal conspiracy involving product tying, price discrimination, restraint of trade and monopolization, and violation of the Automobile Dealers Day in Court Act (ADDICA), 15 U.S.C. § 1221-1225, for threats and coercion in retaliation for an earlier state court action. The district court granted defendants'

motion for summary judgment on the ground that the antitrust claims were precluded by the statute of limitations and that the ADDICA claim was barred on both claim preclusion and statute of limitations grounds. We may affirm a district court's judgment on any basis supported by the record. See Porous Media Corp. v. Pall Corp., 173 F.3d 1109, 1116 (8th Cir. 1999). Though we disagree with the district court's statute of limitations analysis, we conclude that appellant presented the district court with no genuine material fact supporting the existence of an antitrust conspiracy between TMS and GST and that summary judgment was thus appropriate. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling that appellant's claim was barred by the statute of limitations, the district court determined that appellant's antitrust cause of action accrued on the date that defendants first committed an act injuring appellant's business. See Memorandum and Opinion, at 9-10 (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 338 (1971)). While this statement of the law is generally correct, it is also true that in the context of a continuing violation, such as that alleged in this case, a plaintiff may bring suit on the basis of, and recover damages for, independent predicate acts occurring within four years of suit, regardless of when the initial injury occurred. See Klehr v. A.O. Smith Corp., 521 U.S. 179, 180-81 (1997); Zenith Radio Corp., 401 U.S. at 338; Hanover Shoe, Inc. v. United Shoe Mach. Corp., 392 U.S. 481, 501 n.15 (1968); Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1051 (5th Cir. 1982) (stating that an antitrust suit may be brought more than four years after events that initially gave rise to action where, among other grounds, there exists "continuing conspiracy or continuing violation") (emphasis added). The antitrust violations alleged in this case did not stem from a "single act," as in Kaiser Aluminum, 677 F.2d at 1052-53, but rather would, if established, constitute overt acts permitting recovery. See Pace Indus., Inc. v. Three Phoenix Co., 813 F.2d 234, 238 (9th Cir. 1987) (defining "overt acts" as new and independent acts inflicting new and accumulating injury on antitrust plaintiff).

Even though appellant would be entitled, on the basis of statute of limitations doctrine, to bring suit on the basis of a continuing violation, its case contains a more fundamental flaw. Each antitrust count in the complaint alleges an unlawful combination and conspiracy between defendants. However, the record presents no genuine issue of material fact establishing such combination or conspiracy. See Memorandum and Opinion, at 11 (finding, in analyzing question of whether continuing conspiracy exception to statute of limitations applied, that no conspiracy existed between TMS and GST). Rather, appellant merely asserted that there is strong evidence that defendants conspired with one another. Such conclusory allegations are insufficient to avoid summary judgment in Chalmers v. Toyota Motor Sales, USA, Inc., 935 S.W.2d 258 (Ark. 1996). See First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-90 (1968), construed by Anderson, 477 U.S. at 248-50.[1] We thus affirm the grant of summary judgment as to the antitrust claims.

Appellant also brought suit under ADDICA, 15 U.S.C. §§ 1221-1225, alleging that the various antitrust violations establish a per se violation of good faith as that term is defined at 15 U.S.C. § 1221(e). As an initial matter, we agree with the district court that the ADDICA claim is barred by the claim-preclusive effect of the earlier state court judgment. See Migra v. Warren City School Dist., 465 U.S. 75, 77 n.1, 81 (1984);

---

[1] Though the facts as alleged may have supported an antitrust claim against GST alone, the complaint fails to propose any such a cause of action. Even under the minimal requisites of notice pleading, see Fed. R. Civ. P. 8(a); Independent Bus. Forms, Inc. v. A-M Graphics, Inc., 127 F.3d 698, 702 (8th Cir. 1997), Chalmers fails to set forth an independent allegation against GST. We have carefully examined the complaint and are unable to conclude that Chalmers has alleged that GST acting alone engaged in unlawful tying practices. Absent such an allegation, GST had no notice that Chalmers sought relief on such a theory. See Tatum v. Iowa, 822 F.2d 808, 810 (8th Cir. 1989) (per curiam) (stating that "[w]hile all pleadings are to be construed to do substantial justice, see Fed. R. Civ. P. 8(f), the pleading must at a minimum be sufficient to give the defendant notice of the claim") (citing Conley v. Gibson, 355 U.S. 41, 48 (1957)).

Gahr v. Trammel, 796 F.2d 1063, 1066 (8th Cir. 1986) (stating Arkansas law of claim preclusion). Appellant knew of the facts underlying this claim at the time it instituted state court action in 1993, see Chalmers, 935 S.W.2d at 259-60, and there is no authority for the proposition that federal district court is the exclusive forum for bringing ADDICA claims, see Tafflin v. Levitt, 493 U.S. 455, 459 (1990) ("'[I]f exclusive jurisdiction be neither express nor implied, the State courts have concurrent jurisdiction whenever, by their own constitution, they are competent to take it.'") (quoting Caflin v. Houseman, 93 U.S. 130, 136 (1876)).

Nonetheless, appellant contends that it should be able to bring suit for alleged violations occurring within the three-year statute of limitations stated in 15 U.S.C. § 1223–i.e., alleged violations of ADDICA occurring after April 1993, the date the state court action was filed. Because appellant expressly tied its ADDICA count to the existence of an antitrust conspiracy, however, the failure of appellant's antitrust claim compels the conclusion that defendants' actions did not offend the "special, relatively narrow" definition of good faith contained in 15 U.S.C. § 1221(e). Sink v. Ford Motor Co., 549 F. Supp. 245, 249 (E.D. Mich. 1982); see also Hubbard Chevrolet Co. v. General Motors Corp., 873 F.2d 873, 875 (5th Cir. 1989). Accordingly, we also affirm the entry of summary judgment on the ADDICA count.

The grant of summary judgment in favor of defendants is affirmed for the reasons stated herein.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-