# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2163

_____

David Sanders,                 *
                                       *

         Appellant,          *
                                         *   Appeal from the United States

    v.                              *   District Court for the
                                         *   Western District of Missouri.

Gary Holloway, Sheriff, Ray County;  *
Virgil Breshears, Sgt., Ray County;    *       [UNPUBLISHED]
and Gary Bush, Sgt., Ray County,     *
                                         *

         Appellees.         *

_____

Submitted:   March 10, 2004

Filed:   April 23, 2004

_____

Before RILEY and MELLOY, Circuit Judges, and ERICKSON,[1] District Judge.

_____

PER CURIAM.

       David Sanders (Sanders) appeals the district court's denial[2] of his motions for appointed counsel on claims he brought under 42 U.S.C. § 1983. On appeal, Sanders

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

argues the district court abused its discretion by denying him appointed counsel because his claims were factually and legally complex, he had no ability to adequately investigate the facts of his case, and he was unable to cogently present his case in court. We affirm.

On March 13, 2000, Sanders filed a complaint under 42 U.S.C. § 1983, alleging the conditions of his confinement violated his Eighth Amendment right to be free of cruel and unusual punishment. Sanders claims the conditions at the Ray County Jail were unsanitary, he was denied adequate medical treatment, and that he was denied access to legal materials and a law library. In a letter dated July 9, 2000, Sanders wrote to the district court requesting counsel. The district court denied Sanders' request, finding the record had not been sufficiently developed to determine if appointed counsel was justified. Sanders wrote to the district court again on August 9, 2001, and requested appointed counsel for his jury trial. The district court denied his motion, finding the motion was premature as no trial had yet been scheduled. On December 22, 2001, Sanders wrote to the district court requesting the appointment of counsel. The district court denied Sanders' request following consideration of Sanders' motion and memorandum of law in support.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995). Nevertheless, under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel in a civil case. After an indigent pro se litigant meets the burden of showing the complaint is not frivolous, counsel should be appointed if the district court determines it is necessary. Edgington, 52 F.3d at 780. Factors bearing on the determination of whether appointed counsel is necessary include: the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. Id. We

review a district court's decision regarding the appointment of counsel in civil cases under the abuse-of-discretion standard. Id.

After carefully reviewing the record and considering the factors listed above, we conclude Sanders adequately understood the nature of his claims, which were not legally or factually complex, and he displayed at least a basic understanding of the Rules of Civil Procedure so that he was able to present his claims. The district court, therefore, did not abuse its discretion by denying Sanders' requests for appointed counsel. Furthermore, even if we were to conclude the district court abused its discretion by failing to appoint counsel, there is an absence of evidence to support Sanders' claims and the outcome likely would have been the same. Consequently, Sanders has not shown any prejudice resulting from lack of counsel. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1006 (8th Cir. 1984) (concluding the defendant failed to show prejudice as counsel would not have altered the outcome).

Accordingly, we affirm the judgment of the district court.

_____