# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3607
_____

| | | |
|---|---|---|
| Valerie Townes, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| The May Department Stores, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: April 26, 2004

Filed: April 29, 2004
_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.
_____

PER CURIAM.

Valerie Townes appeals from the district court's order[1] dismissing without prejudice her race-based discrimination action against May Department Stores (May) for her failure to comply with discovery orders. We affirm.

We conclude the district court did not abuse its discretion in dismissing Townes's complaint. See Fed. R. Civ. P. 37(b)(2)(C) (if party fails to obey order

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

entered under Fed. R. Civ. P. 26(f), court may make such order in regard to such failure as is just, including dismissal of action); Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) (per curiam) (standard of review), cert. denied, 493 U.S. 820 (1989). The court ordered Townes to respond to May's written discovery requests and to appear for deposition, but Townes did neither; she thus effectively prevented May from developing its case--or even learning more about Townes's claims beyond the facts stated in her complaint. See Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2001); Lorin Corp. v. Goto & Co., 700 F.2d 1202, 1208 (8th Cir. 1983). Although Townes complains that legal papers were mailed to appointed counsel rather than to her directly, she does not assert that she was unaware of either court-imposed deadlines or the date of her deposition; furthermore, Townes was specifically warned that failure to comply with the court's discovery order could result in dismissal of her action, cf. Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (finding willful violation of discovery-related court order where plaintiff was warned dismissal would be consequence of continued noncompliance), cert. denied, 513 U.S. 1090 (1995), and her action was dismissed without prejudice, cf. Edgington v. Mo. Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995) (fact that dismissal of pro se complaint for noncompliance with pretrial orders was without prejudice mitigates against finding that court abused its discretion).

We also conclude the district court did not abuse its discretion by appointing counsel solely for discovery. See id. (standard of review); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985) (indigent litigant enjoys neither statutory nor constitutional right to have counsel appointed in civil case).

Accordingly, we affirm.

_____