# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2498

_____

Edmond McClinton,                              *
                                               *
            Appellant,                         *
                                               *    Appeal from the United States
      v.                                       *    District Court for the
                                               *    Eastern District of Arkansas.
Arkansas Department of Correction;             *
Johnathan Pickering, CO-I, Grimes              *    [UNPUBLISHED]
Unit, ADC; Raylinia Ramsey, CO-II,             *
Grimes Unit, ADC; Danny Burl,                  *
Warden, Arkansas Department of                 *
Correction; Joe Nolen, Major,                  *
Arkansas Department of Correction,             *
                                               *
            Appellees.                         *

_____

Submitted:  February 7, 2006
Filed:  February 9, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arkansas state prisoner Edmond McClinton appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against the Arkansas Department of Correction (ADC) and several prison officials. We affirm.

In January 2004, defendant Sergeant Raylinia Ramsey ordered defendant Officer Johnathan Pickering to confiscate personal property and legal materials contained in a laundry bag tied to the bed in McClinton's jail cell. Two months later, Warden Danny Burl and Major Joe Nolen confiscated personal property from McClinton's cell, including religious and legal materials, pursuant to a February 22, 2004 ADC mandate, which allowed inmates to have in their cells only personal property that would fit inside available storage boxes, with an exception for two pairs of shoes and a coat. Any property not stored accordingly was to be confiscated, and inmates would have an opportunity to send excess personal property home or to family within 45 days (which McClinton authorized prison officials to do). McClinton alleged that the confiscations violated his due process rights, that they were in retaliation for filing a previous lawsuit, and that confiscation of his legal papers hindered his ability to pursue his claims in a pending federal lawsuit, thus violating his First Amendment right of access to the courts.

The district court properly granted summary judgment. See Kasper v. Federated Mut. Ins. Co., 425 F.3d 496, 502 (8th Cir. 2005) (standard of review). McClinton failed to make any showing that the ADC mandate was not reasonably related to a legitimate penological interest, see Turner v. Safley, 482 U.S. 78, 89 (1987), and any contention that defendants failed to follow prison policy does not by itself state a claim, see Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996). McClinton also did not offer evidence that state post-deprivation remedies were inadequate, see Hudson v. Palmer, 468 U.S. 517, 533 (1984) (unauthorized intentional

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

deprivation of prisoners' property by state employee does not constitute violation of due process if meaningful postdeprivation remedy for loss is available), and in the face of defendants' evidence showing why the confiscations occurred, McClinton cannot rely on his conclusory allegation that the confiscations were in retaliation for a lawsuit he had filed, see Hugh Chalmers Motors, Inc. v. Toyota Motor Sales U.S.A., Inc., 184 F.3d 761, 763 (8th Cir. 1999) (conclusory allegations are insufficient to avoid summary judgment), cert. denied, 528 U.S. 1156 (2000).

Finally, we agree with the district court that McClinton's First Amendment access-to-courts claim also fails for lack of a showing that the removal of his legal papers caused him "actual injury." See Lewis v. Casey, 518 U.S. 343, 351 (1996) (to prevail on access-to-courts claim, inmate must show actual injury by demonstrating that prison shortcomings hindered efforts to pursue legal claim).

Accordingly, we affirm the judgment of the district court.

_____