Ronald **SLAUGHTER**, Appellant,

v.

**CITY OF MAPLEWOOD**, Appellee.

**No. 83–1503–EM.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1984.

Decided April 13, 1984.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Appellant Ronald Slaughter was discharged for insubordination from his job as a truck driver/street laborer by the City of Maplewood on December 22, 1981. Slaughter then filed a timely EEOC discrimination charge alleging he was terminated because of his race and in retaliation for filing an EEOC charge in 1980. After investigating, the EEOC rendered a "no cause" determination, together with a notice of right to sue letter on December 16, 1982. Slaughter then filed a *pro se* complaint in the district court alleging that Maplewood discriminated against him because of his race and retaliated against him because he filed an EEOC charge. Slaughter also filed an application for appointment of counsel, which the district court summarily denied without explanation. Slaughter appeals this denial under the collateral order exception to the final judgment rule. He contends that the district court's denial of appointment must be reversed and remanded because there is no indication from the record that the court exercised a reasoned and well informed discretion which we may review.

First, we have little hesitation in concluding that the district court's order denying Slaughter appointment of counsel is immediately appealable under *Cohen's*[1] collateral order exception to the final judgment rule; it "conclusively determine[d] the disputed question, resolve[d] an important issue completely separate from the merits of the action, and [would] be effectively unreviewable on appeal from a final judgment". *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). As to the "effective unreviewability" of the order, which is disputed here, we find guidance in *Hudak v.*

Lawrence B. Grebel, Robert J. Radice, Brown, James & Rabbitt, P.C., St. Louis, Mo., for appellee.

John J. Moellering, St. Louis, Mo., for appellant; Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., of counsel.

---

1. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

*Curators of University of Missouri,* 586 F.2d 105, 106 (8th Cir.1978), *cert. denied,* 440 U.S. 985, 99 S.Ct. 1799, 60 L.Ed.2d 247 (1979), where the court held immediately appealable a district court's denial of appointment of counsel to a plaintiff alleging employment discrimination under a variety of federal and state statutes, including Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.) and 42 U.S.C. §§ 1981 and 1983. The basis for the *Hudak* holding was that the "harm [the denial of appointment of counsel] may cause can be irreparable on appeal of the final judgment". *Id.,* 586 F.2d at 106, *citing, Peterson v. Nadler,* 452 F.2d 754 (8th Cir.1971). A similar view was taken by the Fifth Circuit in *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1308 (5th Cir.1977), where the court, in concluding that denial of counsel appointment to a Title VII plaintiff was immediately appealable, succinctly stated:

> The decision to deny the assistance of an appointed attorney to a layman unschooled in the law in an area as complicated as the civil rights field is truly too important to be deferred until a resolution on the merits can be had. Such an individual likely has little hope of successfully prosecuting his case to a final resolution of the merits.

*Accord Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301, 1306, 1310–11 (9th Cir.1981); *Ray v. Robinson,* 640 F.2d 474, 477 (3rd Cir.1981); *Miller v. Pleasure,* 296 F.2d 283, 284 (2d Cir.1961), *cert. denied,* 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962). In *Bradshaw,* 662 F.2d at 1310–11, the Ninth Circuit concluded that a *pro se* civil rights plaintiff was equally ill-equipped to obtain meaningful appellate review.

> [T]he effectiveness of appellate review will be seriously impaired by the *nature of the order.* A civil rights litigant, untrained in the law, may well decide he is incapable of handling the trial and drop his claim, commence trial but be compelled to abandon his efforts prior to final judgment, fail on a technicality in any attempt to appeal should an adverse final judgment on the merits ever be reached, or fail, for lack of legal knowledge, to make the requisite showing to obtain reversal.

(Emphasis in original).

We find unpersuasive the City's contention that these cases are inapposite because Slaughter brought suit under 42 U.S.C. § 1983 rather than Title VII. Liberally construing Slaughter's *pro se* complaint, it is abundantly clear that he sought relief for employment discrimination under Title VII. Moreover, he specifically alleged that he was discharged because he filed an EEOC complaint, an allegation which, if proved, would entitle him to recovery under Title VII. *See Sisco v. J.S. Alberici Co., Inc.,* 655 F.2d 146, 150 (8th Cir.1981). In any event, we cannot discern any sensible reason for basing the appealability determination on whether a civil rights plaintiff brought a Title VII suit as opposed to a § 1983 suit. *See Ray v. Robinson,* 640 F.2d 474 (§ 1983 plaintiff). In fact, the court in *Hudak* principally relied upon *Peterson v. Nadler,* 452 F.2d at 756–57, a case in which a non-Title VII plaintiff was permitted to obtain immediate appellate relief from an order denying appointment of counsel.

Second, although we have jurisdiction to review the district court's denial of counsel, we nevertheless find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion. *See Caston,* 556 F.2d at 1308–09; *Bradshaw,* 662 F.2d 1318–19. While a district court has broad discretion in determining whether to appoint counsel in employment discrimination cases, the exercise of that discretion necessarily entails a reasoned and well-informed judgment. *Id.* As outlined in *Caston,* 556 F.2d at 1308–09, "[t]he refusal to appoint counsel solely because the EEOC finds no reasonable cause to believe that a claim exists would be error. *See Harris v. Walgreen's Distribution Center,* 456 F.2d 588, 590 (6th Cir.1972)[.]" However, at the oth-

er end of the spectrum, "there is no automatic right to the appointment of counsel in a Title VII case. *See Moore v. Sunbeam Corp.*, 459 F.2d 811 (7th Cir.1972)[.]" *Id.*

■ Three factors are generally considered relevant in evaluating applications for appointment of counsel in Title VII cases: (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim. *Caston,* 556 F.2d at 1309; *Bradshaw,* 662 F.2d at 1318–19. Here, we are unable to determine from the sparse record whether the district court considered these or any other relevant factors in denying appointment of counsel; no explanation or reason was provided for the denial.[2] We therefore remand to the district court to supplement the record and to provide its reason(s) for denying counsel so that we may properly review that decision. It may well be that the district court was within its discretion in denying appointment of counsel in this civil proceeding, but we are unable to discern from the record the basis of the court's ruling. A remand for the limited purpose of having the district court outline the bases for its decision should satisfy that deficiency. We retain jurisdiction of this appeal to decide the matter after this limited remand is completed and certified to this court. The district court is, of course, at liberty to hold a further evidentiary hearing on the motion for appointment of counsel; but it need not do so if it believes such a hearing unnecessary in deciding whether to appoint counsel.

---

**2.** Slaughter filed a financial affidavit in which he stated that he had been unemployed since December, 1981, had no cash or other income sources, and had personal property, including a 19 year-old automobile and some clothing valued at $600.00. Whether and to what extent the court considered or discredited this information is purely speculative. Further, the record is devoid of any indication that the court sought additional information from Slaughter in support of the claims made in Slaughter's application for appointment; in that application, Slaughter represented that he was unable to pay a reasonable attorney's fee, and that he made diligent effort to obtain legal counsel but, because of his impecuniosity, was unable to secure counsel.