**William Scott SOURS, Appellant,**

v.

**Larry NORRIS, Warden, Tucker Maximum Security Unit and A.L. Lockhart, Director, Arkansas Department of Correction, Appellees.**

No. 85–2278.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1985.

Decided Jan. 7, 1986.

PER CURIAM.

William S. Sours appeals pro se from the district court's order denying his motion for a preliminary injunction and appointment of counsel.

Sours is an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction. He is serving a sentence for a Missouri conviction, but was transferred to Arkansas pursuant to the Interstate Corrections Compact. Mo.Ann. Stat. § 217.530 (Vernon 1983). He filed this § 1983 suit alleging that his rights as guaranteed by the compact were being violated. He asked for declaratory and injunctive relief as well as monetary damages. The district court denied Sours' re-

---

quest for a preliminary injunction that would return him to Missouri. The court also denied Sours' motion for appointment of counsel, but without prejudice and it expressly reserved the right to consider the motion after further development of the facts and legal issues.

We have carefully reviewed Sours' allegations, and we are unable to say that the district court abused its discretion in denying preliminary relief. *See Sierra Club v. United States Corps of Engineers*, 771 F.2d 409, 412 (8th Cir.1985).

We are unable to review Sours' contention that the trial court erred in denying his request for appointment of counsel because we cannot determine from the record whether the district court exercised "a reasoned and well-informed discretion." *See Slaughter v. City of Maplewood*, 731 F.2d 587, 589 (8th Cir.1984). A court should give "serious consideration" to appointing counsel whenever an indigent plaintiff establishes in his pleadings a prima facie case which, if proven, would entitle him to relief. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Thus, since Sours' claim had survived a motion to dismiss, indicating that it was neither malicious nor frivolous, the district court should have considered whether Sours had attempted in good faith to retain counsel and whether the nature of his case was such that Sours as well as the court would benefit from the assistance of counsel. *See id.*

Accordingly, we affirm the district court's denial of preliminary relief and remand the case to the district court for redetermination of Sours' motion for appointment of counsel in the light of the considerations set forth in *Slaughter* and *Nelson, supra.*