**John William BROWN, Appellant,**

**v.**

**Gerald FREY, Larry Trickey, Ron Kennedy, John Bain, J. Shanklin, Walter Fisher, Christie Lynch and Bernice Trickey, Appellees.**

**No. 86–1875.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 26, 1986.

Decided Dec. 5, 1986.

Rehearing and Rehearing En Banc Denied Jan. 8, 1987.

John William Brown, pro se.

John W. Simon and Winfield J. Sinclair, Asst. Attys. Gen., Jefferson City, Mo., for appellees.

Before McMILLIAN, ARNOLD and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

John William Brown appeals from a final order entered in the District Court for the Eastern District of Missouri dismissing his 42 U.S.C. § 1983 action for failure to comply with a pretrial order. For reversal appellant argues the district court abused its discretion in dismissing his pro se complaint with prejudice and erred in failing to vacate the judgment and appoint counsel. For the reasons discussed below, we reverse and remand.

Appellant initially filed a 28 U.S.C. § 2254 habeas petition, but, at the district court's direction, he filed an amended complaint under § 1983 on May 23, 1985, along with the filing fee and a financial affidavit showing indigency. He did not request appointment of counsel at that time. Appellant alleged that certain Missouri State Penitentiary officials had retaliated against him for filing a grievance against a prison employee and helping other inmates with legal work during his prison assignment as "law clerk." The alleged retaliation included unwarranted conduct violations without fair hearings, threatened transfer to another institution where appellees knew he would be endangered, withholding of personal items sent to him by relatives, interference with the pursuit of his legal actions, and threatened loss of his parole "outdate."

Appellees' answer asserted, among other things, that the complaint must be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Appellant filed a response, arguing that his petition should not be dismissed and urging the district court to appoint counsel to assist him. The record reveals no express ruling by the district court regarding either dismissal or appointment of counsel. Appellant next

submitted interrogatories, which appellees eventually answered out of time by leave of court.

On December 3, 1985, the district court set March 10, 1986, as the date for jury trial and issued a uniform pretrial order stating that "the attorneys *shall*, not less than 10 days prior to the date set for trial" (which would have been by February 28, 1986), file certain documents with the clerk of court, including a joint stipulation of uncontested facts; lists of proposed witnesses, exhibits, and discovery material; written requests for instructions; and trial briefs. The order also stated that "[f]ailure to comply herewith may result in the imposition of sanctions as set forth in Rule 13, Rules of the United States District Court for the Eastern Judicial District of Missouri." That rule, which was not set out in the order, includes dismissal among the possible sanctions.

Appellees' lists, requested instructions, and trial brief were filed with the clerk on March 3, 1986, and their proposed stipulation of facts (rejected by appellant) was filed the next day. On March 4, 1986, the district court dismissed the action because, in violation of the pretrial order, appellant had not filed any pretrial materials. Appellant promptly filed a motion to vacate and reinstate, stating that he was "pro se, he believed that he was having counsel intervene this case, and that no notice was given by the court" that the case would be dismissed; that he "was expecting counsel to be appointed and has tried to get counsel to represent him"; and that he "has asked numerous lawyers to assist him and he has received no response." Appellant requested an additional 15 days to file his pretrial materials.

On March 7, 1986, the district court denied the motion to vacate and reinstate and all other requests for relief because

> [u]pon full consideration of the record herein; plaintiff not proceeding in forma pauperis and not having requested appointment of counsel; no counsel having entered an appearance on behalf of plaintiff; and no good cause having been shown for plaintiff's failure timely to comply with the Court's pretrial order or to seek an extension of time for such compliance.

*Brown v. Frey,* No. 85–0639C(3), slip op. at 1–2 (E.D.Mo. Mar. 7, 1986) (order).

Appellant filed a timely notice of appeal and moved for leave to appeal in forma pauperis. He asserted that he had in fact requested appointment of counsel, both in a letter to the district court dated January 10, 1986 (a copy of which he attached), and in his response to appellees' answer filed on July 1, 1985. Over two months later, the district court directed appellant to file an affidavit showing his inability to pay for appeal costs and stated that the dismissal would not be vacated on the basis of failure to appoint counsel. In a footnote to the order, the district court acknowledged the request for counsel as set forth in appellant's response to appellees' answer, but stated that "[t]he record does not contain the letter allegedly sent in January 1986." The footnote concluded: "Finding that plaintiff, who is proceeding pro se but not in forma pauperis, demonstrated throughout this case a familiarity with case law and judicial procedure, the appointment of counsel was not warranted. *Mosby v. Mabry,* 697 F.2d 213, 214–15 (8th Cir.1982) (per curiam)." Slip op. at 2 n. 1 (May 29, 1986) (order).

■ A district court has the power under Fed.R.Civ.P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order and, unless otherwise specified, such a dismissal operates as an adjudication on the merits. A court may so dismiss on its own initiative. *See, e.g., Haley v. Kansas City Star,* 761 F.2d 489, 490 (8th Cir.1985). At the same time, however, "[d]ismissal with prejudice under [Rule] 41(b) is a drastic sanction which should be exercised sparingly." *Pardee v. Stock,* 712 F.2d 1290, 1292 (8th Cir.1983). The district court's exercise of this power is within the " 'permissible range of its discretion' " if there has been " 'a clear record of delay or contumacious conduct by the plaintiff.' " *Haley v. Kansas City Star,* 761 F.2d at 491

(citations omitted). In reviewing such an order of dismissal, we "consider whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his [or her] day in court." *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1193 (8th Cir.1976). This balancing process "focuses in the main upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the District Court." *Id.*[1]

We believe that in this case the district court abused its discretion in dismissing appellant's complaint for failure to comply with the pretrial order. Pro se litigants are not excused from compliance with substantive and procedural law, *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.1984) (per curiam), but here appellant did not engage in such a course of intentional delay or contumacious conduct as to warrant the drastic sanction of dismissal with prejudice. To the contrary, it appears that at least until the issuance of the pretrial order, appellant diligently pursued his lawsuit to the best of his ability. After the December 3 order, the record shows no action by the court or any party until appellees filed their pretrial materials late on March 3 and the district court dismissed the case on March 4. Although appellant should have requested an extension of time to comply with the order, he alleges that he sent the district court a letter dated January 10 (a copy of which is now contained in the district court file) requesting assistance in obtaining discovery materials and appointment of counsel. Moreover, as soon as appellant learned of the dismissal, he immediately sought relief from the judg-

ment and offered his explanation that he thought an attorney was to be appointed for him. This case is quite different from *Burgs v. Sissel*, where the plaintiff had sought numerous delays over a two-year period, had been given repeated opportunities to comply with a pretrial order, and had been warned about the consequences of noncompliance. 745 F.2d at 527–28.

In denying appellant's motion to vacate, the district court noted that appellant was not proceeding in forma pauperis and had not requested appointment of counsel. While it is true that appellant did pay the filing fee, the financial affidavit filed with his complaint showed that he was indigent. Furthermore, the district court later acknowledged that a request for counsel had been made.

Although "[t]here is no constitutional or statutory right for an indigent to have appointed counsel in a civil case[,] ... federal courts are empowered by statute to appoint counsel when circumstances justify it." *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir.1985). In ruling on a request for counsel, the district court must exercise "a reasoned and well-informed discretion" and seriously consider appointing counsel "whenever an indigent plaintiff establishes in his [or her] pleadings a prima facie case which, if proven, would entitle him [or her] to relief." *Sours v. Norris*, 782 F.2d 106, 107 (8th Cir.1986) (per curiam). When a claim survives a motion to dismiss, thus "indicating that it [is] neither malicious nor frivolous," the district court should consider whether the plaintiff has "attempted in good faith to retain counsel and whether the nature of his [or her] case [is] such that [he or she] as well as the court would benefit from the assistance of counsel." *Id.*

Eleven months after appellant filed his request for counsel, and after he filed his

---

1. Appellees assert, in essence, that they were prejudiced by having to prepare for trial and that appellant would have gained an unfair advantage by obtaining a continuance after receiving their pretrial materials. Appellees accuse appellant of contumacious conduct by "pro-

longed inaction" and by the deception of proceeding pro se while never intending to try the case himself. Appellees further assert that there was no effective alternative to dismissal with prejudice.

motion for leave to appeal in forma pauperis, the district court found that appointment of counsel was not warranted because appellant had demonstrated a familiarity with case law and judicial procedure. We do not believe that the district court's belated ruling constituted the type of reasoned and well-informed consideration that appellant's request should have received. We suggest, therefore, that upon remand the district court seriously consider appointing counsel.

Accordingly, the order of dismissal with prejudice is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.