12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Frank Willis ASKEW, Jr., Appellant,
v.
Keith WILEY, Detention Center Officer; James Swain,
Sergeant; William P. Nolan, Chief of Police, Appellees.
 No. 93-2879.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 4, 1993.
Filed: December 7, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frank Willis Askew, Jr., an Arkansas inmate, appeals the district court's[1] dismissal without prejudice of his 42 U.S.C. Sec. 1983 action for failure to prosecute. We affirm.
 
 
 2
 In March 1992, Askew filed this pro se action alleging constitutional violations occurring while he was a pre-trial detainee. In July 1992, the district court sent Askew and defendants a pre-trial schedule that required both sides to submit a pre-trial conference information sheet by January 8, 1993. On February 5, 1993, the district court dismissed Askew's section 1983 action without prejudice for failure to prosecute, because Askew failed to file the pre-trial information sheet and did not notify the court of a change in address. On appeal, Askew argues that the district court should not have dismissed his case because his hospitalization and his imprisonment made it difficult to comply with the court's orders.
 
 
 3
 A district court has power to dismiss a case for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b). This court reviews a Rule 41(b) dismissal for abuse of discretion. Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (per curiam). Pro se litigants are not excused from compliance with substantive and procedural law. Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986). When the district court dismissed the action nearly a month after its January 8 deadline, Askew had still not complied with the court's pre-trial order. The district court did not abuse its discretion in dismissing Askew's case without prejudice. See Schooley v. Kennedy, 712 F.2d 372, 374 (8th Cir. 1983) (per curiam) (dismissal without prejudice mitigates against finding of abuse of discretion); cf. Brown v. Frey, 806 F.2d at 804 (intentional delay or insubordination required for dismissal with prejudice).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, Western Division