# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1932

_____

Jerome Smith,                                        *
                                                     *
            Appellant,                               *
                                                     *
      v.                                             *
                                                     *
Edward F. Tripp, Department of                       *
Public Safety; Carl Gilmore,                         *
Division of Corrections; L. L.                       *
Edward, Captain; Unknown Nixion,                     *   Appeal from the United States
Caseworker; Unknown Schurtz, LPN;                    *   District Court for the
Unknown Harvey, LPN; Unknown                         *   Eastern District of Missouri.
McGee, Lt.; Unknown Williams, Lt.;                   *
Unknown Reese, Capt.; Unknown                        *      [UNPUBLISHED]
Booker, Lt.; Unknown Smith, COI;                     *
Unknown Townsley, Medical Staff;                     *
Mick Unknown; Unknown White,                         *
LPN; Unknown Black, Lt.; Unknown                     *
Udo, LPN,                                            *
                                                     *
            Appellees.                               *

_____

Submitted: January 6, 2000
    Filed: January 14, 2000

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jerome Smith appeals the District Court's order dismissing his 42 U.S.C. § 1983 complaint for failure to comply with a pretrial order. For reversal, Smith argues the District Court erred in dismissing his complaint because he did not demonstrate willful delay, he is pro se and was not informed of possible sanctions, and defendants were not prejudiced by his delay.

We conclude the District Court did not abuse its discretion in dismissing his complaint. See Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 779 (8th Cir. 1995). However, after examining the record–which reflects Smith's otherwise consistent efforts to prosecute his case and obey court orders–and after carefully balancing the policy of giving Smith his "day in court against the policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures," Omaha Indian Tribe v. Tract–I Blackbird Bend Area, 933 F.2d 1462, 1468-69 (8th Cir.) (quoted case omitted), cert. denied, 502 U.S. 942 (1991), we are persuaded that the "with prejudice" component of the dismissal was unwarranted, see Rodgers v. Curators of Univ. of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998) (sanction imposed by district court must be proportionate to litigant's transgression); Brown v. Frey, 806 F.2d 801, 804-05 (8th Cir. 1986) (dismissal of inmate's pro se habeas complaint with prejudice for failure to file pretrial materials reversed where he had diligently pursued his lawsuit to best of his ability until issuance of pretrial order).

Accordingly, we affirm the dismissal but modify it to be without prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-