# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2957

_____

| | | |
|---|---|---|
| Van Allen Hodge, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jesse Odom, Sheriff, White County; | * | Eastern District of Arkansas |
| John Does, 1, 2 & 3, Sergeant and | * | |
| Deputy of White County Sheriff | * | [UNPUBLISHED] |
| Department, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 5, 2000

Filed: January 25, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Van Allen Hodge appeals from an order entered in the District Court[1] for the Eastern District of Arkansas dismissing his civil rights complaint without prejudice for failing to comply with a local rule. The district court dismissed the complaint after

---

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

Hodge failed to respond to the court's order requiring him to comply with Local Rule 5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas, which requires any party not represented by counsel promptly to notify the court of any change of address, to monitor the progress of the case, and to prosecute or defend the action diligently.

After reviewing the record and the parties' briefs, we conclude the district court did not abuse its discretion in dismissing Hodge's complaint without prejudice. Because Hodge failed to keep either his appointed counsel or the district court apprised of his whereabouts, the district court--upon granting counsel's motion to withdraw--sent Hodge notice of its order to comply with Local Rule 5.5(c)(2) to the only address it had for Hodge. Hodge failed to respond within the time allowed, thus warranting dismissal. See Fed. R. Civ. P. 41(b); Brown v. Frey, 806 F.2d 801, 803 (8th Cir. 1986). Although Hodge complains that he did not know about the order until after the dismissal, this was the result of his own conduct.

To the extent Hodge claims his appointed counsel was ineffective, such claim is meritless. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (no constitutional or statutory right to effective assistance of counsel in civil case).

Accordingly, we affirm. We deny Hodge's motion to appoint counsel on appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.