# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2991MN

_____

| | | |
|---|---|---|
| Richard C. Eline, | * | |
| | * | On Appeal from the United |
| Appellant, | * | States District Court |
| | * | for the District of |
| v. | * | Minnesota. |
| | * | |
| Hoyt Brill, | * | [Not To Be Published] |
| | * | |
| Appellee. | * | |

_____

Submitted: July 17, 2001

Filed: July 26, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

Richard Eline, currently an inmate in Arizona, appeals the District Court's[1] dismissal without prejudice of the action he brought under 28 U.S.C. § 2241 and 42 U.S.C. § 1983. Eline, who was convicted of a crime and initially incarcerated in Hawaii, sought damages and immediate release based on his claim that he had been falsely imprisoned at a privately owned facility in Minnesota. We conclude the District

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

Court did not abuse its discretion in dismissing Eline's complaint for failure to comply with the Court's order to submit a properly completed in forma pauperis application and partial filing fee. See Fed. R. Civ. P. 41(b) (court may dismiss action for failure to comply with court order); In re Reid, 197 F.3d 318, 320 (8th Cir. 1999) (standard of review); Brown v. Frey, 806 F.2d 801, 803 (8th Cir. 1986) (court may sua sponte dismiss action for pro se litigant's failure to comply with any court order). We note that Eline would not be entitled to release or damages on the basis he asserted, as an inmate has no constitutional right to be housed at a particular location. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (just as inmate has no justifiable expectation that he will be incarcerated in any particular prison within state, he has no justifiable expectation that he will be incarcerated within any particular state).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.