# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1793

_____

Jeffrey Amick,                                    *
                                                  *
            Appellant,                            *
                                                  *    Appeal from the United States
      v.                                          *    District Court for the
                                                  *    Western District of Missouri.
David Dormire, Superintendent; James              *
Eberle, Chief Security Officer; Gary              *         [UNPUBLISHED]
Kempker; Brian Lane, Investigator;                *
Bill Koebel, Investigator; Henry                  *
Jackson, Function Unit Manager;                   *
Arthur Woods, Assistant                           *
Superintendent; Edwin Jones,                      *
Corrections Officer; Bryan Goeke,                 *
Assistant Director; O'Dell Henry,                 *
Corrections Officer; Phillip Farris,              *
Corrections Officer; Corrections                  *
Officer I; Corum, Corrections Officer             *
III; Clifton Bowen, Function Unit                 *
Manager; Judy McClendon, Corrections              *
Officer; Howard Brickner,                         *
Classification Caseworker; Timothy                *
Branson, Recreation Officer; Webster,             *
Classification Caseworker; Board of               *
Probation and Parole; Gary Stoll; John            *
Doe, Members of Censorship                        *
Committee, Jefferson City Correctional            *
Center; Vaughn, Inmate Account                    *
Manager at JCCC; Houston,                         *
Correctional Officer; Thomas,                     *
Corrections Officer III; Lauri Ashlock,           *

Litigation Coordinator; Paul Gore,     *
Grievance Officer,                     *
                                       *
        Appellees.                     *
                        _____

                Submitted:  October 2, 2003
                    Filed:  October 20, 2003
                        _____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.
                        _____

PER CURIAM.

Missouri inmate Jeffrey Amick appeals the District Court's[1] Federal Rule of Civil Procedure 41(b) dismissal of his 42 U.S.C. § 1983 complaint, and its subsequent denial of his motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Having carefully reviewed the record, we affirm. See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (this court will not reverse denial of Rule 59(e) motion absent clear abuse of discretion, which will only be found if district court's judgment was based on clearly erroneous factual findings or legal conclusions); Brown v. Frey, 806 F.2d 801, 803–04 (8th Cir. 1986) (reviewing Rule 41(b) dismissal for abuse of discretion).

In their Rule 41(b) motion for sanctions, defendants Dormire and Henry specifically sought dismissal, contending some of Amick's interrogatories had been interposed for an improper purpose. We find no abuse of discretion in the District Court's decision to grant defendants' Rule 41(b) motion, and to dismiss Amick's

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

complaint with prejudice for what the court properly characterized as outrageously offensive interrogatives. Despite Amick's assertion to the contrary, we agree with the District Court that the interrogatories at issue were not meant to obtain discoverable information. Amick essentially admitted that he meant to offend defendants, and Federal Rule of Civil Procedure 26(g) requires the imposition of an "appropriate sanction" when a party interposes discovery for an improper purpose. See Fed. R. Civ. P. 41(b) (permitting dismissal with prejudice for noncompliance with rules of civil procedure); Brown, 806 F.2d at 804 (this Court should determine whether in specific circumstances, needs of court in, inter alia, preserving respect for integrity of its internal procedures are sufficient to justify harsh consequences of forever denying litigant his day in court; pro se litigants are not excused from complying with procedural law); St. Paul Reinsur. Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 516 (N.D. Iowa 2000) (standard for imposing Rule 26(g) sanctions is objective, and order requiring violator to pay opponent's attorney fees and costs is merely one possible sanction).

Accordingly, we affirm. We also deny as moot Amick's pending motion.

_____