**Anthony James MOORE, Plaintiff,**

v.

**Kathleen BACHMEIER, Denise Senger, Mirna Stromme, Cordell Stromme, Robert Coad, Timothy Schuetzle, Elaine Little, Dr. Jeff Hostetler, Barbara Gross, Justin Heidt, Dan Gleich, John Hagan, and Dr. Tugrul Kihtir, in their individual and official capacities, Defendants.**

No. A1–04–038.

United States District Court, D. North Dakota, Southwestern Division.

April 29, 2004.

Anthony James Moore, Bismarck, ND, pro se.

## ORDER

HOVLAND, Chief Judge.

On April 13, 2004, the plaintiff, Anthony James Moore, submitted a pro se complaint pursuant to 42 U.S.C. § 1983. Moore is currently an inmate at the North Dakota State Penitentiary in Bismarck, North Dakota.

### I. *MOTION FOR RECONSIDERATION*

On April 13, 2004, Magistrate Judge Dwight C.H. Kautzmann issued an order stating, in relevant part, as follows:

1. Plaintiff's request to proceed in this matter in forma pauperis is **GRANTED.** The Clerk shall file the Complaint. However, service of process is withheld until further order of the court based on the following:

 a. Plaintiff is hereby assessed an initial partial filing fee of $5.16, payable to the Clerk of this Court and due on or before June 14, 2004. See 28 U.S.C. § 1915(b).

 I. Upon Plaintiff's payment of the initial partial filing fee, an initial review of the Complaint by this Court will be made under 28 U.S.C. § 1915A to identify cognizable claims or dismiss the Complaint, or any portion thereof.

ii. Should the partial filing fee not be paid as ordered, Plaintiff's claims will be dismissed, without prejudice, for failure to prosecute and comply with this Order. *Cf. Brown v. Frey,* 806 F.2d 801, 803 (8th Cir.1986). A dismissal for failure to pay the initial partial filing fee would not offend § 1915(b)(4); it would simply enforce the obligation created by § 1915(b)(1). *See Robbins v. Switzer,* 104 F.3d 895, 899 (7th Cir. 1997).

b. The remaining filing fee owed shall be paid to the Clerk of this Court from the Plaintiff's inmate spending account or release aid account in accordance with 28 U.S.C. § 1915(b)(2). The institution where the Plaintiff is incarcerated is required to post payments from Plaintiff's inmate spending account or release aid account in an amount of 20% of each future month's income placed in the Plaintiff's accounts. Such payment shall be made each time the amount in the inmate spending account or release aid account exceeds $10.00 and continue until the statutory fee of $150.00 is paid in full.

On April 20, 2004, Moore filed an objection to the partial filing fee of $5.16 assessed by Magistrate Judge Kautzmann and a Motion for Reconsideration of Magistrate Judge Kautzmann's Order of April 13, 2004. The Court construes Moore's objection and Motion for Reconsideration as an appeal of the Magistrate's Order.

■ The Court has reviewed Moore's Certificate of Inmate Account and Assets along with applicable law and finds no basis for reversing Magistrate Judge Kautzmann's Order as it pertains to the calculation of partial filing fees. Although Moore's inmate spending account at the penitentiary currently has a negative balance, the Certificate of Inmate Account and Assets reveals that Moore's account had an average balance of $31.18 over the past six months and the monthly deposits to the account averaged $25.78. The Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), provides that the Court is to assess and, when the funds exist, collect an initial partial filing fee of twenty percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account immediately preceding the filing of a complaint. Twenty percent of the average balance of Moore's account amounts to $5.16 which is the initial partial filing fee assessed by Magistrate Judge Kautzmann. Accordingly, Moore's Motion for Reconsideration (Docket No. 6) as it pertains to the filing fee calculations contained in Magistrate Judge Kautzmann's Order is **DENIED**. However, the Court **GRANTS** Moore's Motion for Reconsideration as it pertains to a dismissal for failure to pay the partial filing fee.

■ Neither *Brown v. Frey* nor *Robbins v. Switzer* support the proposition that dismissal of a plaintiff's 42 U.S.C. § 1983 claim is warranted for the failure to pay an initial partial filing fee. In *Brown v. Frey,* 806 F.2d 801, 803 (8th Cir.1986), the Eighth Circuit recognized that district courts have the power, under Rule 41 of the Federal Rules of Civil Procedure, to dismiss an action for the plaintiff's failure to comply with any court order. However, it was the dismissal of a 42 U.S.C. § 1983 claim for failure to comply with a pretrial order requiring certain documents to be filed with the clerk of court that was at issue in *Brown,* and not the failure to pay an initial partial filing fee. Similarly, in *Robbins v. Switzer,* 104 F.3d 895, 899 (7th Cir.1997), it was the dismissal of the plaintiff's 42 U.S.C. § 1983 claim for failure to

provide prison trust account statements or financial affidavits that was at issue and not the failure to pay the initial partial filing fee.

28 U.S.C. § 1915(b)(4) provides that "in no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Thus, the failure to pay a filing fee does not constitute grounds for dismissal of a prisoner's action. A failure to comply with an order to produce supporting documentation or financial information, would also provide a basis for dismissal.[1] However, such is not the case here. Moore has provided the Court with the documentation necessary to evaluate his claim of indigency. Moore is not excused from paying the filing fee. He is still required to submit the initial partial filing fee as determined by Magistrate Judge Kautzmann and he must make installment payments to the Clerk of Court until the filing fee is paid in full regardless of the outcome of the action. However, the Court need not await payment of the filing fee to conduct its initial review of Moore's complaint. *See Henderson v. Norris,* 129 F.3d 481, 484 (8th Cir.1997) (distinguishing the assessment from the collection of filing fees and instructing that the "calculation and collection steps do not delay the court's resolution of the merits of the appeal").

## II. *AMENDED COMPLAINT*

Moore's complaint was filed on April 13, 2003. On April 20, 2003, Moore filed an amended complaint and asserted new claims and naming two additional defendants.[2] Rule 15(a) of the Federal Rules of Civil Procedure provides in part that a party may amend the party's pleading *once* as a matter of course at any time before a responsive pleading is served. Accordingly, the Court's initial review will focus upon those claims set forth in the amended complaint.

## III. *INITIAL REVIEW OF MOORE'S AMENDED COMPLAINT*

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1) and (2). It is well-established that pro se pleadings should be liberally construed. *See Kaylor v. Fields,* 661 F.2d 1177, 1182–83 (8th Cir.1981).

 To state a claim under 42 U.S.C. § 1983, Moore must allege that: (1) a right

---

**1.** A prisoner who files a civil case must ultimately pay the filing fees in full, but the provisions of 28 U.S.C. § 1915(b)(4) permit the prisoner to file an action if he has no means to pay the initial partial filing fee. *See Henderson v. Norris,* 129 F.3d 481, 484 (8th Cir.1997). A prisoner's failure to timely pay filing fees in full may provide grounds for dismissal of his complaint, however, if "on 3 or more earlier occasions ... the prisoner has brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails

to state a claim upon which relief can may be granted, unless the prisoner is under imminent danger of serious physical injury." *In re Tyler,* 110 F.3d 528, 529 (8th Cir.1997) (quoting 28 U.S.C. § 1915(g)).

**2.** Moore supplemented his amended complaint on April 27, 2004, adding John Hagan and Dr. Tugrul Kihtir as defendants. The Court has included these new defendants in the case caption.

secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Moore alleges in his amended complaint that penitentiary employees have acted with deliberate indifference to his serious medical needs by denying him adequate medical treatment for ongoing pain complaints, a swollen left testicle, and digestive tract problems.[3]

 The Eighth Amendment's proscription of cruel and unusual punishment, as applied to the states through the Fourteenth Amendment, obligates prison officials to provide inmates with adequate medical care. *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir.1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Construing Moore's amended complaint liberally and giving Moore the benefit of all doubt, the Court finds that, for purposes of the initial review, Moore has arguably satisfied the pleading requirements under 42 U.S.C. § 1983 in that he has asserted a colorable civil rights claim (deliberate indifference to his serious medical needs in violation of the Eighth Amendment) against personnel acting under color of state law in their employment with the North Dakota State Penitentiary.

## IV. CONCLUSION

Moore's Motion for Reconsideration (Docket No. 6) is **GRANTED** in part. Moore is directed to pay the initial partial filing fee of $5.16 to the Clerk of Court. The North Dakota State Penitentiary shall post payment for the initial partial filing fee from Moore's inmate spending account

or release aid account. In addition, the North Dakota State Penitentiary shall post payment from Moore's inmate spending account *or* release aid account in the amount of 20% of each future month's income placed in the Moore's accounts. Such payment shall be made each time the amount in Moore's inmate spending account or release aid account exceeds $10.00 and continue until the $150.00 filing fee is paid in full.

In addition, without passing on the merits of Moore's amended complaint, the Court directs the Clerk of Court to serve the Defendants with a copy of the complaint. The Defendants shall have sixty (60) days from the date of this Order to file a responsive pleading.

**IT IS SO ORDERED.**

---

**3.** In his initial complaint, Moore claims that mail addressed to him was opened by penitentiary officials outside his presence and that penitentiary officials had denied him treatment for an injury to his fingers. As Moore did not include these claims in his amended complaint, the Court considers them to be abandoned.