# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2658

_____

Freddy J. Swackhamer,                      *
                                           *
          Appellant,                       *
                                           *   Appeal from the United States
     v.                                    *   District Court for the
                                           *   Eastern District of Arkansas.
Robert Scott, Dr., Mr., Arkansas           *
Department of Correction; Mohammed         *   [UNPUBLISHED]
Ahmed, Dr., Mr., Arkansas Department       *
of Correction; Sandra Stratton-            *
Ashcraft, Med. Admin., Varner Unit,        *
ADC; Dona Gordon, Director of              *
Nursing, Varner Unit, ADC; Laura           *
Marie McCarty; Grant Harris, Warden,       *
Varner Unit, ADC; Wendy Kelly,             *
Deputy Director, Arkansas Department       *
of Correction,                             *
                                           *
          Appellees.                       *

_____

Submitted:  May 7, 2008
    Filed:  May 8, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Freddy Swackhamer filed this pro se 42 U.S.C. § 1983 action claiming that various prison officials and healthcare providers showed deliberate indifference to his serious medical need by delaying treatment for a ganglion cyst on his right hand. The action remains pending, but Swackhamer has filed this interlocutory appeal to challenge the district court's[1] denial of his motion for appointment of counsel. Following careful review, we affirm. See Slaughter v. City of Maplewood, 731 F.2d 587, 588-89 (8th Cir. 1984) (in certain types of cases, including § 1983 actions, appellate court has jurisdiction to review--for abuse of discretion--district court's interlocutory decision to deny appointment of counsel).

Early in the proceedings, the court denied Swackhamer's request for counsel upon finding that his claims were not legally or factually complex and that Swackhamer showed he was capable of presenting his case without the benefit of appointed counsel. In denying Swackhamer's subsequent motions for counsel, the court relied on that first ruling and the absence of any reason to revisit or modify it. We reject Swackhamer's argument on appeal that the district court abused its discretion in light of Swackhamer's mental illness and psychotropic medications, because--despite these circumstances--Swackhamer demonstrated an ability to understand and present his claims, which we agree with the court are not overly complex. See Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (pro se litigant has no statutory right to have counsel appointed in civil case; relevant factors to consider include complexity of case, ability of indigent litigant to investigate facts, existence of conflicting testimony, and ability of indigent to present his claim).

The judgment is affirmed.

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by the consent of the parties pursuant to 28 U.S.C. § 636(c).