**UNITED STATES of America, Plaintiff,**

v.

**Sebastian Joseph FEIST, Defendant.**

**Case No. 1:08–mc–006.**

United States District Court, D. North Dakota, Southwestern Division.

Jan. 28, 2009.

---

**1102**

Clare R. Hochhalter, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

Sebastian Joseph Feist, Florence, CO, pro se.

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

DANIEL L. HOVLAND, Chief Judge.

The defendant, Sebastian Joseph Feist, submitted an application requesting to proceed in forma pauperis to appeal an adverse order in this action. *See* Docket No. 11. On January 12, 2009, the Court granted Feist's request to proceed in forma pauperis and assessed an initial filing fee of $13.40 payable to the Clerk of Court. *See* Docket No. 13. The Court ordered that Feist's remaining payments be paid in an amount of 20% of each future month's income until the statutory filing fee of $455.00 is paid in full. *See* Docket No. 13. On January 20, 2009, Feist filed a motion to reconsider the Court's order for payment of the filing fee. *See* Docket No. 15. Feist contends that "he needs $70.00 a month (sic) for the phone, and personal items. Paying even a partial amount is unreasonable." *See* Docket No. 15.

Pursuant to 28 U.S.C. § 1915(b), Feist can be required to pay the statutory filing fee of $455.00 for this appeal. 28 U.S.C. § 1915(b)(1) requires the prisoner to pay an initial partial filing fee of 20% of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six months immediately preceding the filing of the notice of appeal. Following the initial partial payment, the prisoner is required to make monthly payments in an amount of 20% of each future month's income until the statutory filing fee is paid in full.

 It is clear and undisputed that 28 U.S.C. § 1915 permits district courts to require the payment of full filing fees, to waive all fees, or to impose partial filing fees under the in forma pauperis statute. It is well-established that the district court

has the authority and discretion to require prisoners to pay partial filing fees, and the court may consider the defendant's own economic choices about how to spend his money as between the filing fee and comforts purchased in the prison commissary. *See Olivares v. Marshall,* 59 F.3d 109 (9th Cir.1995); *Lumbert v. Illinois Dept. of Corrections,* 827 F.2d 257 (7th Cir.1987). An order requiring a pro se prisoner to pay a $5.16 initial partial filing fee to proceed in forma pauperis in a civil rights action was found to be proper under the Prison Litigation Reform Act, even though the prisoner had a negative balance in his inmate spending account, since he had monthly deposits to the account averaging $25.78. *Moore v. Bachmeier,* 315 F.Supp.2d 1029, 1031 (D.N.D.2004).

■ The Court is mindful of the fact that no prisoner should be denied the opportunity to pursue a civil rights action in federal court. The judicial branch should never erect unduly onerous obstacles to the pursuit of a lawsuit. *Bounds v. Smith,* 430 U.S. 817, 822–823, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, "[r]equiring the payment of fees according to a plaintiff's ability to pay serves the in forma pauperis statute's goal of granting equal access to the courts regardless of economic status. At the same time, requiring a partial payment within a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims." *Olivares,* 59 F.3d at 111. Thus, reasonable costs may be imposed on persons who choose to pursue lawsuits in federal court. The decision to impose partial filing fees is an appropriate exercise of authority under 28 U.S.C. § 1915. *In re Williamson,* 786 F.2d 1336, 1339 (8th Cir.1986).

■ Sebastian Feist provided a "Certificate of Inmate Account and Assets" which indicated that the average balance in his Inmate and Release Aid accounts for the previous six months was $24.69, and the average monthly deposits to those accounts was $67.00. The Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), provides that the Court is to assess and, when the funds exist, collect an initial partial filing fee of twenty percent of the greater of the average monthly deposits to the prisoner's account, or the average monthly balance of the prisoner's account immediately preceding the filing of a complaint. In this case, the initial filing fee pursuant to 28 U.S.C. § 1915(b)(1) is the greater amount which is 20% of $67.00, or the sum of $13.40. The economic choices made by Feist concerning how to spend his money—whether to spend his limited funds on the partial payment of a filing fee, or to spend such funds on other comforts and personal items available in the federal prison commissary—are personal choices of the defendant. Nevertheless, there are sufficient funds available to pay the filing fees over time in accordance with federal law as set forth in 28 U.S.C. § 1915(b).

The defendant must recognize that litigation is not a free good. It is appropriate that prisoners be required to carefully weigh all relevant considerations—by monetary exactions well within their ability—in determining whether to pursue a lawsuit in federal court. If the inmate believes that a more worthwhile use of his funds would be to purchase personal items in the prison commissary rather than to file a civil rights action, the inmate has demonstrated an implied evaluation of the lawsuit that the district court is entitled to consider. The Court, in its discretion, finds that the statutory filing fee shall be paid in accordance with 28 U.S.C. § 1915(b)(1).

Having carefully reviewed the record, the Court finds no basis for reversing its previous order. The Court **DENIES** the

Defendant's motion to reconsider (Docket No. 15).

**IT IS ORDERED.**