# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3697

_____

| | | |
|---|---|---|
| Janice Norwood, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| John E. Potter, Postmaster General, | * | [UNPUBLISHED] |
| United States Postal Service, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 29, 2010
Filed: February 1, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Janice Norwood, a former employee of the United States Postal Service (USPS), appeals from an order of the District Court[1] granting summary judgment to the USPS and denying her post-judgment motion in this disability-discrimination action. We conclude that Norwood's arguments for reversal are unavailing. First, the District Court did not err in declining to consider the four volumes of material Norwood filed with the court because she did not identify specific information in

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

those materials that contradicted the USPS's evidence.  See Tolen v. Ashcroft, 377 F.3d 879, 883 n.3 (8th Cir. 2004) (noting that the district court was not obligated to wade through a voluminous exhibit to find triable issues and that the plaintiff's citations to the entire exhibit and to full affidavits did not meet the specificity requirements of Rule 56 of the Federal Rules of Civil Procedure); Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986) (noting that pro se litigants are not excused from compliance with procedural law).  Norwood did not concisely list the material facts she disputed, nor did she refer specifically to relevant portions of the record in her opposition to the USPS's summary judgment motion.  Cf. Jenkins v. Winter, 540 F.3d 742, 747 (8th Cir. 2008) (concluding that where the plaintiff concisely listed the material facts she disputed in her motion opposing summary judgment and also referred specifically to portions of the record, the district court erred in failing to consider the statement of facts plaintiff included in her motion).  Second, the District Court did not make credibility determinations or weigh evidence.  Instead, the court gave Norwood the benefit of the doubt in concluding that she had established a qualifying disability, and it applied the law in concluding that Norwood had otherwise failed to show that the USPS had not acted in good faith in responding to her request for accommodation.  See Buboltz v. Residential Advantages, Inc., 523 F.3d 864, 870 (8th Cir. 2008) (noting that success on a failure-to-accommodate claim requires plaintiff to show, among other things, that her employer did not make a good faith effort to accommodate her).  Accordingly, we affirm.

_____