# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 12-1267

_____

Jeffrey Bowman, also known as    *
Jeffery Bowman,    *
   *
       Appellant,    *
   *    Appeal from the United States
     v.    *    District Court for the
   *    Western District of Missouri.
Michael Bowersox; Jeff Norman; Joe    *
Hoffmeister; Correctional Medical    *    [UNPUBLISHED]
Services; Dr. Elizabeth J. Conley; J.    *
Cofield; Dr. Jihad Ibrahim; Dr.    *
Vermilyea; Dr. Hauenstein; Renee    *
Todaro; Wanda Laramore; Edie    *
McDaniel,    *
   *
       Appellees.    *

_____

Submitted: April 11, 2012
Filed: April 16, 2012

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this interlocutory appeal, Jeffrey Bowman challenges two district court orders that granted a defendant's motion for leave to answer the complaint out of time, and denied Bowman's motion to compel discovery, his motion for default judgment, his motion to reconsider his motion to compel, and his motion for appointment of

counsel. We grant Bowman leave to proceed in forma pauperis on appeal. See Henderson v. Norris, 129 F.3d 481, 483-85 (8th Cir. 1997) (per curiam).

We have jurisdiction to review only the ruling denying the motion for appointment of counsel. See 28 U.S.C. §§ 1291-1292 (granting jurisdiction over appeals from final decisions, specified interlocutory decisions, and certified controlling legal questions); Tenkku v. Normandy Bank, 218 F.3d 926, 928 (8th Cir. 2000) (collateral-order doctrine allows interlocutory appeal when appealed decision conclusively determined disputed question, resolved important issue completely separate from merits, and is effectively unreviewable on appeal from final judgment); Slaughter v. City of Maplewood, 731 F.2d 587, 588-89 (8th Cir. 1984) (denial of motion for appointment of counsel is immediately appealable in 42 U.S.C. § 1983 action under collateral-order doctrine). We are to review the denial of counsel for abuse of discretion, see Reynolds v. Dormire, 636 F.3d 976, 978 n.2 (8th Cir. 2011), but here the district court did not explain why it denied Bowman's motion, see Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (district court must provide enough reasoning for denying counsel motion to allow court of appeals to determine whether it abused its discretion).

Accordingly, we remand for the limited purpose of obtaining the district court's reasons for denying Bowman's motion for appointment of counsel, and we retain jurisdiction so that we may then make our determination. See Slaughter, 731 F.2d at 590 & n.2.

_____