# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-1811

———————————————

Chase Carmen Hunter

*Plaintiff - Appellant*

v.

Jay Bradford, Individually and in his Official Capacity as Commissioner of Insurance for Arkansas; Arkansas Insurance Department; National Association of Insurance Commissioners; National Insurance Producer Registry; Eleanor Kitzman, Individually and in Her Official Capacity; Julia Rathgeber, Individually and in Her Official Capacity as the Commissioner of the Texas Department of Insurance; Texas Department of Insurance; Dave Jones, Individually and in His Official Capacity as the Commissioner of Insurance of the California Department of Insurance; California Department of Insurance

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

————————

Submitted: April 25, 2016
Filed: April 28, 2016
[Unpublished]

————————

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

————————

PER CURIAM.

In this interlocutory appeal, Virginia resident Chase Hunter challenges the district court's[1] denial of her motions for appointment of counsel, and for a temporary restraining order (TRO) to prevent defendants from revoking her Arkansas insurance agent license.

We hold that the district court did not abuse its discretion in denying Ms. Hunter's motion for appointment of counsel, as the legal issues were not technical or complex, and there was no indication that Ms. Hunter was unable to investigate the facts or present her claims on her own. See Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (standard of review and applicable factors); Slaughter v. City of Maplewood, 731 F.2d 587, 588-89 (8th Cir. 1984) (denial of appointment of counsel is immediately appealable). We conclude that we lack jurisdiction over the denial of Ms. Hunter's motion for a TRO. See Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981) (interlocutory appeal of TRO is available only if litigant shows that order had practical effect of refusing injunction, and that litigant would suffer "serious, perhaps irreparable consequence" that could only be effectually challenged by immediate appeal; if permanent injunctive relief may be obtained after trial, interlocutory order is not appealable).

Accordingly, we affirm the denial of appointed counsel. See 8th Cir. R. 47B.

_____

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.