FILED
United States Court of Appeals
Tenth Circuit

October 22, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CALVIN E. BARNETT,

     Plaintiff - Appellant,

v.

JOE M. ALLBAUGH, ET AL.,

     Defendants - Appellees.

No. 18-7017
(D.C. No. 6:17-CV-00264-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

The pro se plaintiff, Calvin Barnett, is an inmate at the Oklahoma State Penitentiary. He sued prison officials under 42 U.S.C. § 1983 for interfering with his constitutional right to court access. The district court granted the prison officials' motion to dismiss, and Mr. Barnett appeals. We affirm.

---

[*]    Because oral argument would not materially aid our consideration of the appeal, we have decided the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Although pro se complaints are liberally construed, the district court must still ensure compliance with federal pleading requirements. *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). Thus, a district court must dismiss a pro se complaint when it lacks enough facts to state a claim facially plausible. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic v. Twombly*, 550 U.S. 554, 570 (2007). The alleged facts are enough if they permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For the claim alleged by Mr. Barnett, liability would exist only if Mr. Barnett experienced an actual injury from the denial of court access. *See Lewis v. Casey*, 518 U.S. 343, 349-355 (1996) (explaining the injury requirement). And the existence of an actual injury would exist only if Mr. Barnett was "hindered" in his "efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996).

The complaint includes allegations that the prison law library supervisor interfered with mail and delayed court documents, but Mr. Barnett does not suggest any resulting hindrance to his efforts to pursue a claim. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (holding that a complaint was insufficient to allege an actual injury when the plaintiff alleged that prison authorities had "engaged in confiscating, reviewing, and hindering access to his legal files," "hinder[ed] his communications with a jailhouse lawyer," and "interfer[ed] with his legal

2

mail"). This omission leaves the complaint without enough facts for a plausible claim under § 1983. *See Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999) (upholding dismissal of a § 1983 claim involving an alleged denial of court access because the plaintiffs had not set forth any "evidence to indicate that [the defendants] hindered [the plaintiffs'] efforts to pursue a legal claim").

In addition, Mr. Barnett contends that the district court displayed bias by failing to permit an evidentiary hearing on the motions to dismiss and to appoint counsel. But the court had no obligation to conduct an evidentiary hearing on these motions. *See Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984) (stating that the district court need not conduct an evidentiary hearing on a motion to appoint counsel if the court believes that the hearing would be unnecessary); *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981) (per curiam) (stating that a full-blown evidentiary hearing is unnecessary to rule on a motion to dismiss under Rule 12(b)(6)). Thus, we reject Mr. Barnett's contention of bias based on the failure to permit an evidentiary hearing.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge

3